WILLIAM JEFFRIES *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 801.]

CRIMINAL LAW AND PROCEDURE. *Rape. Instructions. Evidence. Suppression of.*

In a prosecution for rape it is error:

(*a*) To deny defendant a requested instruction, there being evidence of which to predicate it, to the effect that if the jury believed that there might be some man other than defendant who committed the crime, it was not required of defendant to show the name of such man; and

(*b*) To admit testimony of the statements of the prosecutrix made in the absence of defendant the day after the crime was perpetrated; and

(*c*) To admit testimony showing that defendant's brother carried the prosecutrix out of the state just before a preceding term of the court to prevent her testifying against defendant, in the absence of all evidence connecting defendant therewith.'

FROM the circuit court of Marshall county.

HON. JAMES B. BOOTHE, Judge.

Jeffries, the appellant, a negro, was indicted and tried for and convicted of a rape upon Beulah Price, a negro girl, and sentenced to the penitentiary for life. From the conviction and sentence he appealed to the supreme court.

It was shown by the state that the girl, Beulah Price, a cousin of the defendant's wife, and at the time about twelve years of age, went to the field where defendant was working to carry him some water; that under the pretense of getting her to help him find a lost axe he decoyed her to a secluded spot, and there by physical force, and in spite of her resistance, committed the crime; persuading her immediately afterward to tell, if she should be questioned, that she had been assaulted by an unknown white man. Over the objection of defendant, the state was allowed to prove, by the testimony of the girl and corroborating witnesses, that, although the girl at first said she had been assaulted by a white man whom she did not know, she afterwards, on the day after the crime was committed, stated to her aunt and to other persons, in the absence of the defendant, that he was the man who assaulted and raped her. The state was also allowed, over defendant's objection, to show in evidence that John Jeffries, a brother of the defendant, took the girl to Tennessee, shortly after the assault and just prior to the ensuing term of court; and that John Jeffries told her that he was taking her from the state to prevent her presence in court as a witness. It was not shown, however, that the defendant had anything to do with this action of his brother, or that he had any knowledge of the same. In addition to the testimony of the girl as to defendant's guilt, other incriminating circumstances were shown by the testimony of other witnesses, strongly tending to prove that defendant had committed the crime. No evidence was offered by defendant.

Appellant assigned for error the admission of testimony over his objections, and the refusal of the court to grant the twelfth instruction asked by him. This instruction was as follows:

"The court instructs the jury, for the defendant, that if you believe from the evidence that there may be some person who committed the crime of which the defendant is charged, and that the name of that person has not been disclosed by the evi-

dence, it is not required of the defendant to show the name of any such person."

*W. A. Belk,* and *W. A. McDonald,* for appellant.

The court below erred in not granting the twelfth instruction asked by appellant. The assaulted girl, Beulah Price, testified that immediately after the assault she stated to her cousin and to her aunt that she had been assaulted by a white man who had no whiskers, and who was a stranger to her, and that he rode a red horse with a blazed face. After making such statement to her relatives, she changed her statements, as she admits in her testimony, and on the day after the assault she told her relatives that appellant, her cousin's husband, was the guilty party. It must follow that she was telling a falsehood to her relatives when she said the assault was committed by a white man or when she subsequently stated that appellant committed the assault. The jury, being unlearned in the law, might easily have concluded that, as appellant was in one sense implicated by her statement, it was incumbent on him to prove his innocence by showing who was the guilty party. This refused instruction merely told the jury that it did not devolve upon appellant to show who was the real offender.

There was also error in the court's admitting in evidence any testimony to show what the assaulted girl said, on the day after the assault, as to who committed the assault. *Anderson* v. *State,* 82 Miss., 788 (s.c., 35 South. Rep., 202); *Ashford* v. *State,* 81 Miss., 416 (s.c., 33 South. Rep., 174). The defendant was not present when she made such statement.

It was also error to allow the state to show that John Jeffries, brother of the appellant, took the injured girl to Tennessee to prevent her testifying as a witness against appellant. There was no proof that the appellant had anything to do with this, or that he even knew of it at the time.

*R. V. Fletcher,* assistant attorney-general, for the appellee.

The twelfth instruction, the refusal of which is assigned for error by appellant, was not based upon the testimony, as there was no proof that any one else beside appellant committed the crime. Even if the refusal was error, it was not such error as should reverse the case.

It must be conceded that a serious question arises from the admission in evidence of what the assaulted girl stated, in the absence of the appellant, to her relatives on the day after the assault. It will be seen, however, that the details of the complaint were not given, her statement merely implicating appellant. The record shows that the court promptly refused to permit the district attorney to ascertain from the assaulted girl upon the witness stand what she had stated to her relatives at such time about the details of the offense.

The whole case must be looked to in order to determine whether this slip in the court below constitutes reversible error. The general principle is, that when a witness has made any statement in the past which seems contradictory to some subsequent statement, he should have the right to explain why such statement was made, and to show that the statement which was incorrect was corrected by the subsequent statement. 2 Wigmore on Evidence, sec. 1136; Wharton's Crim. Law, 566.

As regards the alleged error of the court in admitting in evidence proof that the brother of appellant had spirited the girl away from home just prior to court to prevent her presence as a witness against appellant, we will concede that this was incorrect. It is evident that appellant's brother was acting in appellant's behalf, even though it is not positively shown, hence no real harm could have resulted from the admission of this proof.

CALHOON, J., delivered the opinion of the court.

While we would not, for this only, in this case, reverse for the refusal to give the twelfth charge asked by appellant, still we think it should have been given.

It was reversible error to admit what the assaulted girl said, the day after the assault, as to who committed it, in the absence of the accused.

It was reversible error to admit the testimony that John Jeffries took the assaulted girl to Tennessee to prevent her presence as a witness. The accused is not shown to have been privy to this, or even to have had any knowledge of it.

*Reversed and remanded.*