JAMES FROST v. STATE OF MISSISSIPPI.

[47 South. 898.]

1. CRIMINAL LAW AND PROCEDURE. *Rape. Assault to rape. Evidence. Particulars. Hearsay not admissible.*

In a prosecution for an assault with intent to rape, it is competent for the state to show that the prosecutrix complained soon after the assault, but the particulars of her complaint and of the offense as narrated by her are not admissible in evidence.

2. SAME. *Code* 1906, § 1359. *Indictment. Chaste character of woman.*

In order to convict under Code 1906, § 1359, providing that any person convicted of an assault with intent to ravish a woman of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such time as may be fixed by the jury, the indictment must charge the previous chaste character of the woman.

FROM the circuit court of Wayne county.
HON. W. H. HARDY, Judge.
Frost, appellant, a negro, was indicted and tried for an as-

sault upon one Lottie Whigham a female under the age of ten years, with intent to rape, was convicted, sentenced to the penitentiary for ten years, and appealed to the supreme court.

The opinion sufficiently states the facts. Code 1906, § 1359, under which the indictment was drawn, provides that a person convicted of assault with intent to ravish a female of previous chaste character shall be punished by imprisonment for life or for such lesser time as may be fixed by the jury. The indictment however failed to charge the previously chaste character of the female assaulted.

*E. W. Stewart* and *D. M. Taylor,* for appellant.

The court below erred in allowing the state, over appellant's objection, to offer in evidence the testimony of the grandmother of the prosecutrix. This testimony consisted merely of a recital of the supposed particulars of the alleged assault as made to the grandmother by the prosecutrix a short while after the alleged occurrence. The grandmother had no personal knowledge of the particulars. She merely narrated on the stand what her granddaughter had told her. The appellant was not present when the prosecutrix communicated the alleged facts to her grandmother, hence the testimony of the grandmother was incompetent. *Ashford v. State,* 81 Miss. 414, 33 South. 174; *Anderson v. State,* 82 Miss. 784, 35 South. 202; *Jeffries v. State,* 89 Miss. 643, 42 South. 801; *Dickey v. State,* 86 Miss. 525, 38 South. 776.

The indictment is defective for the reason that it fails to charge that the prosecutrix, at the time of the alleged assault, was of previously chaste character. Code 1906, § 1359. It is true that the indictment avers that the female was, at the time of assault, under the age of ten years, and it may be held, as an inference, that she could not be unchaste at such a tender age. But this should not change the rule that there should be strict compliance with the terms and provisions of the statute law in the framing of indictments based thereon.

*George Butler,* assistant attorney-general, for appellee.

It must be admitted that the testimony of the grandmother of the prosecutrix was incompetent. There was however only a general objection made to its introduction. Whether or not the admission of such testimony should work a reversal of the judgment, is respectfully submitted to this court.

While it is true that the indictment is drawn under Code 1906, § 1359, and fails to allege that the female was of previously chaste character, yet her chastity was clearly proved on the trial.

FLETCHER, J., delivered the opinion of the court.

Upon a prosecution for attempt to rape where there was a sharp conflict in the testimony, the court, over the objection of defendant, permitted the grandmother of the prosecutrix to detail the particulars of the affair as narrated to her by the prosecutrix shortly after the alleged assault. This has been repeatedly and emphatically condemned by this court, and this error has invariably resulted in reversal. *Ashford v. State,* 81 Miss. 414, 33 South. 174; *Anderson v. State,* 82 Miss. 784, 35 South. 202; *Jeffries v. State,* 89 Miss. 643, 42 South. 801; *Dickey v. State,* 86 Miss. 525, 38 South. 776. We sincerely hope that these cases will be carefully re-read by judges and prosecuting attorneys, that there may be an end to this familiar form of reversible error.

While this is sufficient to reverse the case, yet, since the case must be retried, we call attention to another manifest error in the conduct of the trial. This indictment was drawn under section 1049 of the Code of 1906, and charged accurately enough an offense under this statute. There was no averment in the indictment as to the previous chaste character of the female, and yet the court charged, in the fifth instruction given for the state, that the jury might fix the penalty and the number of years of imprisonment in the penitentiary, if the jury thought proper so to do. The jury, responding to this instruction, actually fixed the

penalty at ten years' imprisonment in the penitentiary. This proceeding was, of course, based upon section 1359 of the Code of 1906, applying only to cases where the female is of previous chaste character. In order to convict under this statute, the indictment must allege the previous chastity of the female assaulted.

*Reversed and remanded.*

1. CRIMINAL LAW AND PROCEDURE. *Murder. Evidence. Motive.*