## WILLIAM BARTON v. STATE OF MISSISSIPPI.

### [47 South. 521.]

1. CRIMINAL LAW AND PROCEDURE. *Rape. Assault to. Indictment. Code* 1906, § 1359. *Ex post facto law. Code* 1892, § 967.

   An indictment predicated of Code 1906, § 1359, a new statute making it a felony, punishable by imprisonment for life or such shorter time as the jury may fix, to assault with intent to forcibly ravish any woman of previous chaste character:—

   (a) Cannot be maintained by proof of acts committed before the statute because operative; nor

   (b) Be referred to Code 1892, § 967 (re-enacted Code 1906, § 1043), in force at the time of the acts, making it a felony, punishable by imprisonment not exceeding ten years, to assault a woman with intent to ravish her.

2. SAME. *Punishment.*

   A defendant convicted of a felony punishable by imprisonment in the penitentiary for life or such shorter time as the jury may fix, cannot, in the absence of a verdict fixing the imprisonment, be sentenced for a term of years fixed by the court.

FROM the circuit of, first district, Yalobusha county.
HON. SAMUEL C. COOK, Judge.

Barton, appellant, was indicted and tried for assault with intent to commit rape upon Susan Barton, a woman of previous chaste character, was convicted, sentenced to the penitentiary for five years, and appealed to the supreme court.

The indictment was returned by the grand jury on February 11, 1907. The evidence showed that the alleged crime was committed September 1, 1906. The indictment contains the following words: "Did with force then and there in and upon Susan Barton, a female person of previous chaste character, willfully, maliciously and feloniously assault the said Susan Barton with the intent of him, the said William Barton, then and there to forcibly ravish," etc.

Code 1906, § 1359, which became operative October 1, 1906, is as follows:

"Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury."

Prior to October 1, 1906, the law applicable to such an offense was contained in Code 1892, § 967, providing that persons convicted of assaults with intent to commit rape should be punished by imprisonment in the penitentiary for a term of not more than ten years.

The jury returned a verdict of guilty as charged, and the court sentenced appellant to a term of five years' imprisonment in the penitentiary.

*Isaac T. Blount,* for appellant.

The indictment on which appellant was tried and convicted was returned into court by the grand jury, and marked filed, on February 11, 1907. It was clearly drawn under Code 1906, § 1359, and, as this court judicially knows, that code went into effect, and superseded the Code 1892, on October 1, 1906. The evidence shows conclusively that the alleged crime, if committed at all, was committed September 1, 1906, one month before the Code of 1906 became operative.

Code 1906, § 1359, is new law in our state. It distinctly

provides that the defendant, when found guilty, shall be punished by imprisonment in the penitentiary for life, unless the jury—not the trial judge—shall fix the imprisonment for a lesser period. It will be noted however that the jury in this case merely returned a verdict of "guilty as charged," and did not fix any term of imprisonment at all.

The attention of the court is called to the fact that, as the crime was shown to have been committed on September 1, 1906, the only statute applicable, and under which indictment should have been drawn, if at all, is Code 1892, § 967. By examining the indictment in this case it is manifest that it was predicated not of Code 1892, § 967, but of Code 1906, § 1359. The attention of the court below was called to the point, but without effect.

*George Butler,* assistant attorney-general, for appellee.

The indictment was returned in February, 1907, and the appellant was tried at the ensuing July term of the court. Appellant's contention seems to be that under Code 1906, § 1359, it was the province of the jury to specify the punishment, or, at least, in case they did not, then the court could only sentence appellant to the penitentiary for life.

At the time the offense was committed, Code 1906, § 1359, was not in effect; it is a new statute and appears for the first time in Code 1906. Prior to the enactment of this statute the punishment was prescribed by Code 1892, § 967. Of course Code 1906, § 1359, has no retroactive effect. But by Code 1906, § 5, the offense having been committed prior to October 1, 1906, the case was unaffected. *McGuire v. State,* 76 Miss. 504, 25 South. 495; *Lindsey v. State,* 65 Miss. 542, 5 South. 99; *Wheeler v. State,* 64 Miss. 462, 1 South. 632; *Wilkerson v. Hudson,* 71 Miss. 130, 13 South. 866.

WHITFIELD, C. J., delivered the opinion of the court.

The indictment in this case was manifestly drawn under Code 1906, § 1359, a new statute first introduced by that code. That code went into effect October 1, 1906. The evidence shows

conclusively that the alleged offense was committed September 1, 1906. No indictment, of course, could have been predicted of this statute for an offense committed before the statute was a law. This point was raised in the court below and overruled. The trial was proceeded with, and the defendant convicted and sentenced to the penitentiary for five years. Code 1906, § 1359, under which alone manifestly he was indicted—the indictment pursuing the very language of the statute—required the punishment to be for life, unless the jury fixed a shorter term. The verdict of the jury in this case simply found the defendant guilty as charged, without fixing any term of imprisonment at all, and yet the court imposed a sentence of five years. This was erroneous. The defendant was manifestly indicted under this section alone and could have been punished only under this section under an indictment framed specifically on the section with a verdict of guilty as charged in that indictment. The judgment is reversed and the cause remanded.

· The defendant will be held to answer such proper indictment as may be presented against him.

*Reversed.*