HICKS *et al. v.* STATE.

[94 South. 218.  No. 22874.]

RAPE.  *Chastity of female not element of offense and need not be alleged in prosecution for attempt to rape female of previous chaste character; separate offense from assault to rape female not of previous chaste character.*

An indictment under section 1049, Code of 1906, Hemingway's Code, section 777, for an attempt to rape, need not allege that the female was of previous chaste character, as chastity is not an element of the offense, nor is the subject of attempted rape entirely excepted out of this section by section 1359, Code of 1906, Hemingway's Code, section 1096, but said section carves a separate offense out of an attempt to rape a female, of previous chaste character. Repeals by implication are not favored, and there is no conflict in the two statutes, and it is still a violation of section 1049, Code of 1906, Hemingway's Code, section 777, to attempt to rape a female not of previous chaste character.

APPEAL from circuit court of Madison county.
HON. W. H. POTTER, Judge.

Walter Hicks and another were convicted of assault with intent to ravish, and they appeal.  Affirmed.

*C. N. Floyd* and *Powell & Harper,* for appellants.

The crime charged in this indictment, in the case at bar is an assault with intent to rape.  The only possible sections under which it might be brought are 1043 1049, 1358, 1359, or the Laws of 1914, page 219.  It is plainly evident that it could not have been brought under 1043, for the reason that this only applies in a case of assault and battery with a deadly weapon or force likely to produce death. In this case there was no evidence to show that a deadly weapon was used or force likely to produce death.

Section 1358 of Code of 1906, as amended by the Laws of 1908, chapter 171, page 187, defines the crime of rape upon a female under or over the age of twelve years.  A careful reading of the statute, *supra,* will clearly show that the said statute applies only to cases where the crime of rape was perpetrated and not to an assault with intent to rape.  And our indictment specifically charges only an assault with intent to rape.  Laws of 1914, chapter 171, page 219, raises the age of consent to eighteen years, where rape has been committed on an unmarried female of previous chaste character by a person older than herself. Our indictment cannot be sustained under this statute: first, in that the defendants were not charged with rape, but with assault with intent to rape, and the statute only applies to acts consummating in rape; second, in that it fails to allege that the female was of previous chaste character; third, in that it does not allege that the defendants were older than the female.

Section 1049 of the Code of 1906, provides as follows: "Every person who shall design and endeavor to commit an offense, and shall do any overt act towards the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall,

where no provision is made by law for the punishment of such offense, be punished as follows:" etc.

The indictment, in the case at bar, seems to have been drawn under a blended idea of sections 1049 and 1358. We have shown, *supra*, that the indictment could not be sustained under section 1358 alone. Now can it be sustained under the blended idea of 1049 and 1358?

Our contention is that it cannot, in that section 1049 expressly says that it does not apply, where there is another provision for the punishment of the offense. We contend that the indictment should have been brought under and only under section 1359 of Code of 1906, which is as follows: "Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment for life, or for such shorter time as may be fixed by the jury."

Clearly section 1359 provides a punishment for the crime charged in the indictment and under the express provision of section 1049 it cannot apply in the face of another provision, such as is section 1359. Further, we contend that section 1049 is a general statute, applying to all attempts, while section 1359 is a special statute in regard to attempt to rape only. The law seems to be that a special statute will prevail over the general statute. 36 Cyc. 1151; Sutherland on Statutory Construction, at page 412.

Upon an examination of the time of the passage of these two sections, it will be discovered that section 1049 appears as far back as the Code of 1880, while section 1359 appears for the first time in the Code of 1906 and does not appear in any of the biennial laws prior to Code of 1906. From this it would appear that the legislature had intended to carve out of the general statute the crime of assault with intent to ravish and to make it specific, and such being the intention of the legislature it would seem that it intended that such prosecutions should be conducted under the specific section 1359, only, especially in view of the rule that penal statutes are strictly construed against the

state and liberally in favor of the person charged. 36 Cyc. 1151.

The most, against our contention, that can be said is that we have two statutes in regard to the same offense. In 25 R. C. L., page 1055, in regard to construction of criminal statutes, the following is to be found: "Statutes in relation to the same offense must be taken together and construed as if the matters to which they relate were embraced in a single statute." See also, 36 Cyc. 1147. If sections 1049 and 1359 are taken together, we are confident that this court will hold that every essential of the crime, as set out in 1359 must be charged in the indictment.

It seems impossible that this indictment can be sustained unless it contains all the elements of the crime as defined in section 1359, in view of the fact that this direct enactment of the legislature in regard to the specific crime, and must be followed in the indictment. The statutory definition of the crime of assault with intent to rape was not complied with.

We have shown, *supra,* that section 1359, is the only statute under which this indictment could be drawn, and we would now call the court's attention to the fact that the indictment fails to charge that the female was of previous chaste character, which is made a constituent element of the crime by section 1359, and an indictment must contain all the constituent elements of the crime. *Ward* v. *State,* 70 Miss. 245, at 246.

In *Froest* v. *State,* 94 Miss. 104, at 107, Judge FLETCHER, speaking for the court said: "This proceeding was, of course, based upon section 1359 of the Code of 1906, applying only to cases where the female is of previous chaste character. In order to convict under this statute the indictment must allege the previous chastity of the female assaulted."

In *Wyche* v. *State,* 124 Miss. 736, we find: "The indictment can be sustained, also under section 1043 of 1906, same being section 771 of Hemingway's Code."

Section 1359, Code of 1906, same being section 1096 of Hemingway's Code, including the title is as follows: "As-

sault with intent to rape.  Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury."

Under the foregoing section there must be an assault with intent to ravish a female of previous chaste character and the state is aware of the numerous decisions of this court holding that an indictment under this section must allege the previous chaste character, and that same must be proven as alleged.  *Wyche* v. *State,* 87 So. 286.  But in all these cases the indictment charged an assault with the intent to forcibly ravish, and following the exact language of the foregoing statute, which does not deal with an attempt to commit the crime of rape.  An examination of the indictment in the case at bar readily discloses that the district attorney in drawing the indictment proceeded under section 1049, Code of 1906, section 777, Hemingway's Code, which makes it a crime to attempt to commit an offense.  And also section 1358 of the Code of 1906, section 1092, Hemingway's Code, which deals with the crime of rape.  I respectfully call the court's attention to the fact that the indictment herein nowhere contained the word "intent," or the expression "assault with intent," but that throughout the indictment the word "attempt" is employed.

Counsel for appellant insists that inasmuch as the legislature has enacted section 1359 of the Code of 1906, section 1096, Hemingway's Code, relating to assault with intent to ravish, that a prosecution under the attempt statute cannot stand as to an attempt to commit rape, because their theory is that this is a general statute, and section 1359, Code of 1906, section 1096, Hemingway's Code, being a special statute, must be followed.  In this I differ from counsel.  They fall into error in failing to distinguish between an attempt to commit rape, and an assault with intent to ravish. "Under section 1359, Code 1906 (section 1096, Hemingway's Code), the indictment must allege and

the state must prove previous chaste character of the female assaulted."

Under decisions, *supra,* and section 1359 of Code of 1906, itself, the indictment in the case at bar was void and the conviction a nullity.

*H. Talbot Odom,* for appellee.

Counsel state that the indictment in this case was evidently based on either one or some of the following statutes, to-wit: Section 1043, Code of 1906, same being section 771, Hemingway's Code; Section 1049, of Code of 1906, same being section 777, Hemingway's Code; Section 1358, Code of 1906, same being section 1903, Hemingway's Code; Section 1359, Code of 1906, same being section 1906, Hemingway's Code, or chapter 171 of the Laws of 1914, brought forward as sections 1093 to 1905, Hemingway's Code. And then in a very elaborate argument they endeavor to show that in any event the indictment is bad. The reasoning in support of their contention might seem plausible at first blush, but upon careful consideration, will be seen to be without merits.

In order to simplify this brief, I shall admit here that it appears to me that the indictment herein was not drawn either under chapter 171 of the Laws of 1914, same being sections 1903 to 1905, Hemingway's Code, or under section 1359 of the Code of 1906, same being section 1096, of Hemingway's Code. I expect to discuss the proposition under consideration from two standpoints, by either of which I hope to demonstrate to the court that the indictment in this case is valid.

"A. It is the contention of the state that the indictment herein is valid under section 1049, Code of 1906. same being section 777, Hemingway's Code, considered with section 1358, Code of 1906, same being section 1092, Hemingway's Code. In other words appellant was charged in the indictment with an attempt to commit the crime prohibited by section 1358, Code of 1906, section 1092, Hemingway's Code.

However fine the distinction may be, I submit that such difference exists. Section 777, Hemingway's Code, to commit the crime of rape under section 1358, Code of 1906, section 1092, Hemingway's Code, could be committed without any assault with intent to ravish at all. For example, suppose one Jones should employ Moore to induce Miss Williams, a female, to go to a certain secluded place at a certain time, in order that he might commit rape upon her, when Jones was to be there and ready to rape Miss Williams. Then at the appointed hour and place, Jones went on ahead and ready to accomplish his purpose, and had in the meantime provided himself with a towel to place over the mouth of the young lady, or drugs to reduce her to insensibility, but his plan was given away by Moore and an officer came instead of the girl, and he was prevented from consummating the crime. Certainly, under such facts there was no assault with intent to ravish, and no crime had been committed under the assault with intent to ravish statute. At the same time the offense of attempt to commit the crime of rape was complete. And this doctrine was clearly announced in the case of *Stokes* v. *State,* 92 Miss. 415, 46 So. 627.. In the *Stokes case, supra,* the accused was held guilty of an attempt to commit murder under section 1049, Code of 1906, section 777, Hemingway's Code. Moore was held guilty because he attempted to procure another to kill a third party, and in furtherance of the purpose carried a loaded gun to the point where it was agreed between them the other person was to be waylaid and killed, although arrested by officers, advised in the premises by the person he was trying to induce to do the shooting before the intended victim reached the place.

Again, it seems clear to me that the legislature in enacting section 1359, Code of 1906, section 1096, Hemingway's Code, did not intend to make it the exclusive remedy wherein the guilty party has failed in his purpose to commit rape. If so, then under our law it is no offense to attempt to rape a female who has lost her chastity, even though she has been tricked into this and was not morally a bad

woman. Certainly the lawmakers did not intend to leave this class of poor unfortunates without protection at the hands of unscionable scoundrels. I take it that since the punishment under the attempt statute is not so drastic, it may not be graduated so as to fit the circumstances of the particular case, that this is additional evidence that the legislature did not intend to annul the attempt statute with reference to rape in enacting the assault with intent to ravish statute. Because the punishment should be greater where the woman was of previous chaste character, she is entitled to more protection under the law.

The statute in question relates to the same offense and as said in 25 R. C. K., page 1066, statutes in relation to the same offense must be taken together and construed as if the matter to which they relate were embraced in a single statute. If this construction be followed here then under the reasoning set out above, I see no reason why both procedures should not be upheld to fit the particular circumstances of the case involved.

I do not believe that the procedure followed by the district attorney in this case would be invalid. The case of *Frost* v. *State,* 94 Miss. 104, cited by the appellant is not in point for the reason that the procedure in the case at bar was not based upon section 1359 of the Code of 1906. Further in support of my contention, I cite the case of *Moore* v. *State,* reported in 102 Miss. 148, 59 So. 3. Here the appellant was charged with an assault with intent to commit rape. The indictment however failed to allege that the female was of previous chaste character. Our court recognized in this case the difference between an attempt to commit rape and an assault with intent to rape. *Brown* v. *State,* 7 Tex. App. 656. These cases seem to decide that where the indictment charges the rape to have been committed by force, and at the trial there is no proof of force, the defendant cannot be convicted of assault with intent to rape. Such pleading and proof will justify a conviction only for an attempt to rape. It is difficult to harmonize the authorities upon this particular feature of this case. Our legislature makes in section 1359 an assault with intent to

commit rape upon a female of chaste character of a felony of the highest grade, and inasmuch as under the common law this offense was a misdemeanor only and was a distinct offense, it seems doubtful as to whether or not the indictment under review charges the defendant with anything more than a misdemeanor."

I see no good reason why the indictment in this case should not be sustained under section 1043, of the Code of 1906, section 771 of Hemingway's Code.

ETHRIDGE, J., delivered the opinion of the court.

The appellants were indicted, tried, and convicted of assault with intent to ravish; the indictment, omitting the formal parts, reading as follows:

"Did feloniously, forcibly and against her will throw down to the ground the said Erma Harris, and pull up her clothes and get between her legs and expose her private parts and endeavor to force an entrance into the private parts of said Erma Harris with the private parts of Guy Hinton and Walter Hicks, contrary to the form of statute in such case made and provided."

It is contended by the appellants that the indictment is void under section 1359, Code of 1906, Hemingway's Code, section 1096, which reads as follows:

"Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury."

It is further contended by the appellants that section 1359, Code of 1906, is the only section under which appellants could be indicted unless for a misdemeanor at common law, and that section 1049, Code of 1906, Hemingway's Code, section 777, providing generally for the punishment of the attempt to commit offenses, has no application to the offense here sought to be charged, because excepted

out because such offense is provided for in section 1359, and that no indictment under section 1049 can be sustained.

A careful consideration of the two sections, in the light of the rules of statutory construction, convinces us that this contention cannot be maintained because section 1049 remains in force in all particulars not excepted out of it by specific statutes, of which section 1359, Code of 1906, is a type. This section (1359) provides a greater punishment and an especial provision for fixing the term, as to females of previous chaste character, but does not change section 1049 as to females other than those of previous chaste character. The present proceeding was under section 1049, and under this section it was not necessary to allege that the female was previously of chaste character. Appellants rely upon *Frost v. State,* 94 Miss. 104, 47 So. 898, wherein the cause was reversed, and in the course of the opinion the court pointed out that it was error to instruct the jury that they might fix the penalty because section 1359 was the only section that gave the jury this power, and there was no allegation in the indictment that the female was of previous chaste character and in order to convict under section 1359 the indictment must allege the chastity of the female assaulted. The court in its opinion said:

"This indictment was drawn under section 1049 of the Code of 1906, and charged accurately enough an offense under this statute."

The court recognized, we think, that if the state had proceeded under section 1049 the conviction would have been sustained on this point. The case was really reversed for another error, and the expressions on this phase of the case were to govern on the new trial; and if the state on a new trial desired to proceed under section 1359, it might procure an indictment under that section.

Repeals of statutes by implication are not favored, and statutes are only repealed and modified by subsequent statutes, in the absence of express provisions to the contrary to the extent of the actual conflict. The indictment in

this case is good under section 1049, and it was neither necessary nor proper to allege previous chastity of character in the indictment.

It is further contended that the evidence in the case is insufficient to convict because the testimony of the girl assaulted is contradicted by other witnesses. We have examined the testimony carefully, and we think the testimony of the female is consistent each part with the other, and that her testimony as to some of the facts are borne out by that of other witnesses. However, it is not necessary for the testimony of the female to be corroborated, where it is not inconsistent within itself or not in conflict with clearly established physical facts. The conflict in the present case involves only the credibility of the witnesses, and it is for the jury to say which line of testimony it will accept.

The verdict of the jury is supported by sufficient testimony, and there are no reversible errors in the testimony. The judgment is affirmed.

*Affirmed.*