WATKINS *v.* STATE.

[98 So. 537.  No. 23622.]

(Division B. Jan. 14, 1923.)

1. RAPE.  *Indictment for attempt to rape need not allege prosecutrix was of previous chaste character.*

An indictment under section 1049, Code of 1906 (section 777, Hemingway's Code), for an attempt to rape, may be maintained, although section 1359, Code 1906 (section 1096, Hemingway's Code), carves a separate offense out of an attempt to rape a female of previous chaste character, and an indictment for an attempt to rape, drawn under section 1049, Code 1906 (section 777, Hemingway's Code), need not allege that the injured female was of previous chaste character.

2. CRIMINAL LAW.  *Rape.  Omission of word "felonious" in charge describing intent necessary to constitute attempt to rape error;*

*failure to employ word "felonious" in charge describing intent necessary to constitute attempt to rape not reversible error, where covered in given instructions.*

In a prosecution for an attempt to rape, an instruction is erroneous which omits the word "felonious" in describing the intent necessary to constitute the offense, but such omission is not reversible error, where it is supplied in other instructions correctly embodying every element of the crime charged.

3. CRIMINAL LAW. *Conviction of attempt to rape not reversed, because of refusal of court to exercise discretion to give cautionary instruction as to prosecutrix's evidence.*

A conviction of an attempt to rape will not be reversed, merely because of the court's refusal to instruct the jury that the testimony of the prosecutrix should be scrutinized with care and caution. While it has become the very general practice for the presiding judge to give some such cautionary instruction in such cases, and where there are circumstances in evidence which create suspicion that the complaint is unfounded, it is proper to do so, yet the practice of giving such instructions to the jury rests in the discretion of the presiding judge, and his refusal so to do is not reversible error.

APPEAL from circuit court of Neshoba county.

HON. G. E. WILSON, Judge.

Ang Watkins was convicted of an assault with an intent to commit rape, and he appeals. Affirmed.

*Earl Richardson* and *J. B. Hillman,* for appellant.

The demurrer to the indictment in this case should have been sustained as it fails to charge an assault with intent to rape. The appellant could not be indicted under the general attempt statute, section 777 of Hemingway's Code, for the reason that there is a separate statute for assault with intent to rape, being section 1096 of Hemingway's Code, which clearly defines the crime of assault with intent to rape and fixes the punishment for same. This indictment cannot be treated as good under the last section for the reason that it fails to allege that the

prosecutrix was of previous chaste character, which this court has many times held was necessary.

We submit further in this case, that if the testimony of the prosecutrix is to be believed then the appellant is not guilty of either an attempt to rape, nor of an assault with intent to rape, but is guilty of the crime of rape. Therefore a conviction for an attempt to commit rape cannot stand. See Davis v. State, 89 Miss. 21, 42 So. 542; *Wilson* v. *State,* 85 Miss. 687; *Kemp* v. *State,* 89 Miss. 445.

This conviction was had absolutely and alone upon the testimony of the prosecutrix, she not being corroborated by any other witness or circumstances. "Courts and juries cannot well be too cautious in scrutinizing the testimony of the complaining witness." *Monroe* v. *State,* 71 Miss. 201. We also invite the court's special attention to the following cases: *Rawles* v. *State,* 105 Miss. 407; *Simmons* v. *State,* 105 Miss. 48.

*H. T. Odom,* Assistant Attorney-General, for the state.

The case of *Hicks et al.* v. *State,* 94 So. 218, 130 Miss. 411, decides the statutory question presented by counsel adversely to his contention here. Counsel contend that the state's evidence tended to show that the crime of rape was complete rather than that an assault had been committed with the intent to rape. This assignment of error is not without some merit. But a consideration of all the testimony in the case does not show that the crime of rape was committed, and the finding of the jury that appellant was guilty of an assault with intent to rape should not be disturbed.

The testimony of Mrs. Poore, mother of the prosecutrix, was admissible. The witness simply testified that she accused the appellant of the crime, that he practically admitted it and fled. Surely the fact that appellant fled and in substance admitted the crime, is material testimony, and was properly submitted to the jury.

The *Garner case* reported in 120 Miss. 744, 83 So. 83, is not in point because the appellant did not deny having committed the crime when charged with same. I cannot believe that the court in *Monroe* v. *State,* 71 Miss. 196, intended to say that the jury should be instructed that the testimony of the prosecutrix should be scrutinized with care and caution. If the instruction had been granted as asked, the jury could have drawn no other inference than that the trial court was telling them to look upon the testimony of the prosecutrix with suspicion, which would have been most unfair and unjust.

Cook, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Neshoba county on a charge of assault with intent to rape; the indictment, omitting the formal parts, reading as follows:

"Did unlawfully and designedly make an assault on the body of one Selma Poore, a female child under the age of twelve years, and did then and there lay hold of the body of the said Selma Poore, and did then and there place his private parts on and against the private parts of the said Selma Poore, with the unlawful and felonious intent, design and endeavor her, the said Selma Poore, unlawfully, knowingly and feloniously to ravish and carnally know."

A demurrer was interposed to this indictment, which was overruled, and it is here contended, first, that this indictment cannot be maintained under section 1049, Code 1906 (section 777, Hemingway's Code), providing generally for the punishment of offenses because there is a separate statute providing for the crime of assault with intent to ravish, being section 1359 of the Code of 1906 (section 1096, Hemingway's Code); and, second, that the indictment is void under the latter section, for the reason that it fails to allege that the prosecutrix was of previous chaste character.

There is no merit in this contention of the appellant. This precise question was considered and decided adversely to this contention in the case of *Hicks et al.* v. *State,* 130 Miss. 411, 94 So. 218. This indictment was drawn under section 1049, Code 1906 (section 777, Hemingway's Code), and under this section it was not necessary to allege that the female was previously of chaste character.

Appellant next contends that the testimony for the state tends to show that the crime of rape was complete, and consequently this conviction of an attempt to rape cannot be maintained, since under the provisions of section 1050, Code 1906 (section 778, Hemingway's Code), a person cannot be convicted of an attempt to commit a crime, when it shall appear that the crime intended or the offense attempted was consummated at the time of such assault or in pursuance of such attempt.

We do not think it would serve any useful purpose to set out the unsavory details of this affair, but it will be sufficient to say that after a very careful examination of the testimony of the eleven year-old prosecutrix, and the testimony of the physicians who examined her, we are of the opinion that it does not show that the crime of rape was perpetrated, and that the evidence was sufficient to sustain the finding of the jury that the appellant was guilty of an assault with intent to rape.

The next assignment of error is that one of the instructions for the state is erroneous. This instruction omits the word "felonious" in describing the intent necessary to constitute the offense, and in this respect it is erroneous. This omission, however, was supplied in the second instruction for the state, which correctly embodied every element of the crime charged, and, in view of that fact, and also that the appellant requested, and was granted an instruction containing the same error, we do not think this omission contitutes reversible error.

The next assignment is that the court erred in re-fusing to grant an instruction to the jury that the testi-mony of the prosecutrix should be viewed with care and caution. In the cases of *Hogan* v. *State,* 46 Miss. 274, and *Monroe* v. *State,* 71 Miss. 196, 13 So. 884, it was said by the court that "the testimony" of the prose-cutrix in a charge of rape "should be scrutinized with judgment and care, especially where there are circum-stances of suspicion that the complaint is unfounded; nevertheless no unreasonable suspicion should be in-dulged against the complaining witness," and while it has become the very general practice for the presiding judge to give some cautionary instruction in such cases, we do not understand that the refusal of such instruc-tions is reversible error. While it is usual in such cases for the presiding judge to give some instruction of cau-tion, and, where there are circumstances in evidence which create suspicion that the complaint is unfounded, it is proper to do so, yet the practice of giving such in-structions to the jury rests in the discretion of the pre-siding judge, and his refusal so to do is not reversible error.

In the case of *Cheatham* v. *State,* 67 Miss. 335, 7 So. 204, 19 Am. St. Rep., 310, the court had under consider-ation the somewhat analogous question of the right ᵕf a defendant to have the court instruct the jury that the testimony of accomplices should be scrutinized with care and caution, and it was there said:

"The suspicion with which the testimony of accom-plices is received by the courts, and their unwillingness to sustain convictions resting wholly upon the uncor-roborated evidence of such persons, has led to the very general practice of advising juries to act with great prudence and suspicion upon such evidence, and to ac-quit, unless there is corroboration in material particu-lars. . . . The practice of giving such instructions or advice to the jury, . . . rests in the discretion

of the presiding judge, and his refusal so to do is not assignable as error."

The court also quotes with approval the language of the North Carolina court in the case of State v. Haney, 19 N. C. 390, that—"Long usage, sanctioned by deliberate .judicial approbation, has given to this ordi- nary caution a precision which makes it approach to a rule of law. . . . It is questionable, however, if in any case its omission would be ground for a new trial."

The holding of the Cheatham Case on this point was followed in the case of *Brown* v. *State,* 72 Miss. 990, 18 So. 431.

We are of the opinion that there was. no reversible error in the admission or exclusion of testimony, and that the evidence is sufficient to sustain the conviction, and therefore the judgment of the court below will be affirmed.

*Affirmed.*