SANDERS *v.* STATE.

(Division B.   Oct. 6, 1930.)

[130 So. 112.  No. 28934.]

**Greek P. Rice, Jr.,** of Clarksdale, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Coahoma county of the crime of an attempt to rape, and was sentenced to the penitentiary for a term of three years. From that judgment appellant prosecutes this appeal.

Appellant contends that the court should have granted his request for a directed verdict of not guilty, because of the insufficiency of the evidence to sustain the charge. We think the evidence was sufficient.

Over appellant's objection the court permitted an aunt of the injured female to testify that the latter complained to her of the assault soon after it occurred. The witness did not testify as to the particulars of the complaint, but to the mere fact that complaint was made; and over appellant's objection the prosecuting witness was permitted to testify that she made complaint to her aunt about what had happened, and told her that she had been out with appellant. The witness was asked: "I will ask you to state, Emma, if you reported to your auntie at the time you were brought there on that evening what had happened to you. State yes or no." To which the witness replied: "Yes, sir, I told her." And the witness was asked this question: "I ask you to state yes or no, Emma, if you told your auntie at the time you arrived there who, if anyone, you had been out with?" To which the witness answered: "Sheridan."

In a prosecution for assault with intent to rape, it is competent for the state to show that the prosecuting witness complained soon after the assault, but the particulars of the complaint and offense, as narrated by her, are not admissible in evidence. Frost v. State, 94 Miss. 104, 47 So. 898; Clark v. State, 124 Miss. 841, 87 So. 286. Under the rule laid down in those cases, the court properly overruled appellant's objection to the testimony of these two witnesses. If it was error (we do not decide the question, because it is unnecessary) to permit the prosecuting witness' aunt to testify that in making complaint to her soon after the assault, the prosecuting witness stated that she was out with the appellant, the latter was not harmed thereby, because, on the trial, he testified as a witness in his own behalf, admitting that he was the person who was out with the prosecuting witness at the time of the alleged assault.

Affirmed.