JOHN *v.* STATE.

(In Banc. June 9, 1941.)

[2 So. (2d) 800. No. 34581.]

**W. T. Weir,** of Philadelphia, for appellant.

Geo. H. Ethridge, Assistant Attorney-General, for the State.

Alexander, J., delivered the opinion of the court.

The indictment charged the defendant with an assault with intent to ravish a female of previous chaste character, of the age of fourteen years, and is drawn under Code of 1930, section 1125, which is as follows: "Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury."

The evidence discloses a case for the determination of the jury, which returned a verdict of guilty as charged. The trial court thereupon sentenced the defendant to serve a term of one year in the state penitentiary.

While the Code of 1930, section 793, defines the crime of attempt, and provides punishment for its violation, this section does not include the specific crime defined in section 1125 which, in line with the purpose of the two preceding sections, contemplates assaults upon a female of previous chaste character. This element of the offense was specifically charged in the indictment, and the evidence and instructions of the state were made to conform thereto.

It was error, therefore, for the trial court to treat the indictment as if drawn under the attempt statute (section 793). Hicks v. State, 130 Miss. 411, 94 So. 218; Watkins v. State, 134 Miss. 211, 98 So. 537.

The only instruction given for the state, drawn in conformity with the indictment, provided that upon a finding of guilt it would be the duty of the jury ''to so find and return the following verdict 'We the jury find the defendant guilty as charged.' '' Inasmuch as under section 1125 a convicted defendant, ''shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury,'' the trial court was without power to impose a sentence of one year's imprisonment unless such had been fixed by the jury trying the case. Barton v. State, 94 Miss. 375, 47 So. 521.

Reversed and remanded.