257 So.2d 236 (1972)
Odell SHORTER
v.
STATE of Mississippi.
No. 46533.
Supreme Court of Mississippi.
January 24, 1972.
*237 Waller & Fox, Jackson, J.W. Price, Freeland & Gafford, Oxford, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Odell Shorter was indicted and tried in the Circuit Court of Lafayette County for the crime of murder. He was convicted of manslaughter and was sentenced to serve fifteen years in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
The evidence on behalf of the state is sufficient to show that on the night of March 7, 1970, appellant, together with his girl friend, Emma Mary Porter, her brother and his wife went to a nightspot known as Horace Wortham's Place. Appellant was armed with a pistol and had been drinking. After remaining there for some time, appellant became angry with his girl friend, *238 and the deceased Willie Foster, also referred to as Brother Foster, interceded and told appellant he should not do that. Appellant then said, "Brother, you have not got a goddam thing to do with this." Appellant then backed out the door and pulled the gun from his pocket and fired. The bullet struck Foster who was standing about five feet away. Foster fell to the floor and died as a result of the shot. Appellant then said, "Don't none of you sons of bitches come out of this door, if you do I will kill you." Appellant left and went to the home of Mr. Don Waller, on whose place appellant lived. He turned his pistol over to Mr. Waller and told him he had had an accident and wanted to give himself up. Mr. Waller told appellant to go home and wait for the sheriff. He then called the sheriff and a deputy came and found appellant asleep at his home. Appellant was arrested and carried to jail.
Appellant testified on his own behalf and denied that he had an argument with his girl friend or with the deceased. He testified he carried the pistol with him because he was afraid it would be stolen if he left it at his home, because his home had recently been burglarized. He had intended to leave the pistol at a friend's house, but the friend was not at home. He stated he went outside to relieve himself, and when he started back into the house, he decided to take his pistol from his pants pocket and place it in his inside coat pocket. Just as he got to the door which had a broken step, he stumbled and almost fell, the gun in his hand went off, and the bullet struck his friend Foster. On cross examination appellant admitted that he had been drinking, but denied that he had any argument with his girl friend. He stated the reason he left after the shot was fired was that he was afraid, and that he went to Mr. Waller's home and told him that he had had an accident and had shot one of his best friends.
When both sides rested, the trial court ruled that the evidence on behalf of the state was not sufficient to support the charge of murder and limited the jury issue to the charge of manslaughter.
Appellant first contends the trial court was in error in refusing to limit the state to six peremptory challenges. The basis for this contention is that in questioning the prospective jurors on voir dire examination the state did not inquire of them if they had any conscientious scruples against the infliction of the death penalty. It is argued that the state thereby waived the death penalty and the case was no longer a capital case, thereby limiting the state and the defendant to six peremptory challenges. This argument presents a novel question, but we find it to be without merit. Any case where the permissible punishment is death is a capital case, and in such cases the state and the defendant are each entitled to twelve peremptory challenges. Section 2217, Mississippi Code 1942 Annotated (1956), provides:
Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by section 1293 [Code of 1930; § 2536, Code of 1942] in which case the court shall fix the punishment at imprisonment for life.
In Anthony v. State, 220 So.2d 837 (Miss. 1969), the trial court instructed the jury, apparently because the state did not seek the death penalty, that in the event the jury found the defendant guilty, that they should fix the punishment at life imprisonment in the penitentiary. The jury returned a verdict of guilty as charged and the court sentenced the defendant to suffer life imprisonment. Upon appeal to this Court, on our own motion, we pointed out that a serious legal question appeared on the face of the record that was not raised by the defendant, and said:
Although the jury returned a verdict that required the judge to sentence the *239 defendant to death, the court sentenced the defendant to serve a term of her natural life in the state penitentiary. Since it may be true that the State waived the death penalty, and the defendant had no opportunity to question the jury as to capital punishment, we would not return the case to the trial court for proper sentence upon the verdict of the jury as has been done in other cases. However, the jury has a right to return a death penalty in murder cases, and when such verdict is returned the trial judge has no alternative except to sentence the prisoner as is required by the statute. John v. State, 191 Miss. 152, 2 So.2d 800 (1941); cf. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).
(220 So.2d at 841).
Thus, it is apparent that although the state does not insist upon the death penalty, the jury may, if it so desires, inflict such penalty. In view of the holding in this case, it is difficult to determine how the state could waive the death penalty, but certainly, the mere fact that the state does not inquire of the prospective jurors whether they have conscientious scruples against the infliction of the death penalty does not constitute a waiver of the death penalty.
Appellant urges that it was error for the state, over the objection of the defendant, to question the appellant concerning the details of a prior conviction without first establishing the fact of conviction. Actually, what the appellant objected to was the form of the question which the district attorney asked the appellant. The district attorney asked the appellant if it were not a fact that on September 13, 1951, he was convicted of the crime of assault and battery with intent to kill and murder. The objection should have been sustained to the form of the question, but after appellant would not give a yes or no answer to the question, counsel for appellant stipulated that appellant had pled guilty to the charge of assault and battery with the intent to commit murder. We are unable to see how the appellant was prejudiced by the form of the question, since he had actually pled guilty to the crime inquired about. We find no merit in appellant's contention that the prior conviction was too remote in time to be admissible. The fact that it was committed several years before the crime charged does not necessarily render it too remote in time. The fact that the crime was committed several years before was in appellant's favor. Simmons v. State, 241 Miss. 481, 130 So.2d 860 (1961).
Appellant urges that the argument made by the district attorney contained false statements which indicated the accused had previously killed another person, and that these statements were highly prejudicial and prohibitive of a fair trial. The record reflects that in his closing argument the district attorney stated:
Ladies and gentlemen, I believe that a jury of this County and I know that you are too intelligent to buy a bill of goods like this. He did it before on another Defendant, and I submit to you that he's capable of doing it on this one, and he killed him, and he died.
The objection to this statement was sustained by the trial court and the jury was instructed to disregard it. The district attorney had previously referred to the fact that appellant had been convicted of assault and battery with intent to kill and murder, and no doubt he was referring to that fact when he made the above statement. The statement is subject to two interpretations, one as contended by the appellant and one as contended by the state. The state contends that the district attorney was referring to the fact that appellant had made an assault on one person and was capable of making an assault on another; and he killed this one. In any event the trial court promptly sustained the objection to the statement and instructed the jury to disregard it. Since the statement was subject to an interpretation which would make it a proper statement, we are of the opinion the action of the trial court *240 in promptly sustaining the objection and instructing the jury to disregard it was sufficient to prevent his overruling the motion for a new trial from constituting reversible error. Herrin v. State, 201 Miss. 595, 29 So.2d 452 (1947).
Appellant next urges that the trial court was in error in excluding appellant's statement following the shooting. Appellant testified on direct examination that immediately after the shooting he said, "Lord, Foster you know I didn't intend to shoot you." The Court sustained a motion of the state to exclude this statement. However, during the course of cross examination by the district attorney relative to appellant's leaving the scene of the shooting, appellant stated, "I said I saw him went to weakening, and I reached over to catch hold of him. And I said, `Lord, Foster, you know I didn't know I had shot you.' And everybody went to running everywhere and then that's when I left." This statement went to the jury without objection and for all practical purposes the appellant received the benefit of his selfserving statement. It is a general rule that declarations of a party in his own favor are not admissible in his behalf. No other witness to the affray testified that appellant made any such statement, and under the circumstances of this case, the court did not abuse its discretion in refusing to allow the appellant to testify to what he said after the shooting. Richardson v. State, 123 Miss. 232, 85 So. 186 (1920); King v. State, 65 Miss. 576, 5 So. 97 (1888).
Appellant also assigns as error the action of the trial court in excluding the testimony of the appellant relative to trouble between the appellant and the witness Ivy, in that the witness had tried to rape the appellant's twelve year old daughter two years prior to the time of the trial. Upon objection by the state, the jury was excused and the proffered testimony is a part of the record. It is elementary that a witness's interest, bias or prejudice may be shown for the purpose of affecting his credibility. A part of the testimony proffered by the appellant was probably admissible, but it is so intermingled with testimony that was not admissible, we cannot say that the trial court abused its discretion in excluding it.
We have carefully considered the other errors assigned, and find them to be without merit. It was clearly a jury issue as to whether appellant intentionally shot the deceased or whether the shooting was accidental. The jury found that the shooting was intentional, and there is ample evidence to support its finding.
We find no reversible error in the record and we cannot say that the trial court was in error in refusing to grant a new trial. For this reason this case must be and is affirmed.
Affirmed.
RODGERS, P.J., and JONES, BRADY and SUGG, JJ., concur.