JAMES ASHFORD *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Rape. Evidence. Prosecutrix's complaint.*

Upon the trial of an indictment for rape, the state may show that the prosecutrix made complaint of her injury shortly after the assault upon her, but may not show the particulars stated by her, nor that she charged defendant with the wrong.

2. SAME. *No penetration no rape. Instructions. Assault to ravish.*

Where, on the trial of an indictment for rape, the prosecutrix testified that her person was not penetrated by defendant, there being no evidence to contradict her in this regard, it was error for the court to submit to the jury the propriety of convicting of rape, and in such case a conviction of an assault with intent to ravish should be vacated, since the action of the court was calculated to influence the verdict.

FROM the circuit court of Winston county.

HON. GUION Q. HALL, Judge.

Ashford, the appellant, was indicted and tried for rape, the charge being that he ravished and carnally knew one Tina Carter. He was convicted of an assault and battery with intent to ravish. The facts are sufficiently stated in the opinion of the court.

*Daniel, Brantley & Dobbs,* for appellant.

The second and third instructions granted for the state are erroneous. They were calculated to influence the verdict reached. The court erred in permitting the witness, Caroline Carter, to give, during her examination in chief, the details and particulars of the complaint made by the prosecutrix to her, as it was no part of the *res gestæ.* Rice on Crim. Ev., sec. 521, and cases therein cited ; Bish. on Crim. Proc. (3d ed.), 2d Vol., sec. 963 ; Am. & Eng. Ency. Law, Vol. 19, p. 959, secs. 266, 607, *et seq.*

The testimony is wholly insufficient to sustain a verdict of guilty in this case. It must stand, if at all, upon the uncorroborated testimony of the prosecutrix, Tina Carter, alone. This court has held in the case of *Monroe* v. *State*, 71 Miss., 196, in accord with numerous other authorities, that while one may be convicted of the crime of rape on the uncorroborated testimony of the prosecutrix alone, such testimony should always be scrutinized with great caution, and if she is discredited by the facts and circumstances in the case, then the verdict of guilty should not be sustained. In this case, as in the case of *Monroe* v. *State*, *supra*, the prosecutrix is not sustained by a single corroborating circumstance, but she is contradicted by many facts and circumstances. As in the *Monroe case*, there are no '' tokens of virginity,'' ''no blows,'' '' no bruises,'' '' no threats,'' and the testimony as to the tearing of the clothes is contradicted by the witnesses.

*William Williams*, assistant attorney-general, for appellee.

The law.is properly announced in the first and third instructions for the state, and in a number of instructions for the defendant.

Taking into consideration all of the instructions, it is absolutely impossible to reach the conclusion that the appellant was in any way prejudiced or injured by the second instruction for the state. All of the instructions must be considered together. *Railroad* v. *Field*, 46 Miss., 573; *Hawthorne* v. *State*, 58 Miss., 778.

If an instruction is erroneous, when taken alone, it will not necessitate a reversal, provided the defendant's instructions give him the full benefit of all the law he is entitled to invoke, and all the instructions considered together correctly announce the law. *Skates* v. *State*, 64 Miss., 644.

It was proper for the witness, Caroline Carter, to testify to the statements made by the prosecutrix immediatetly after the crime has been committed. Bish. New Crim. Proc., sec. 963 ;

1 Whar. Crim. Law (9th ed.), sec. 2273 ; Whar. Crim. Ev. (9th ed.), sec. 272 ; *Brown* v. *State,* 72 Miss., 997.

TERRAL, J., delivered the opinion of the court:

James Ashford was convicted in the circuit court of Winston county of an assault upon Tina Carter with intent to ravish her. His conviction is supported solely by her testimony, discredited in some respects, yet still sufficient to be laid before the jury.', Shortly after the alleged commission of the crime, she made complaint of the outrage upon her to her mother, and this was given in evidence ; and over the objection of the defendant the particulars of her complaint were laid in detail before the jury. A complaint of a crime upon one made by the injured person is admitted as original evidence only in the case of rape. The reason of the exception in cases of rape is well stated by Earl, J.,, in *People* v. *O'Sullivan,* 104 N. Y., 486 ; 10 N. E.,.882 ; 58 Am. Rep., 530, as follows : "It is a general rule that the evidence of a witness can.never be corroborated or confirmed by proof that the witness stated the same facts testified to in court on some occasion when not under oath. Such statements, like hearsay evidence, are excluded as unsatisfactory and incompetent. But there is an exception in the case of rape. The outrage in such a case upon a virtuous female is so great that there is a natural presumption that the first suitable opportunity she will make disclosure of it, and she would be so far discredited if she did not make the disclosure ; and for the purpose of confirming her evidence where she is a witness such disclosure may be received." But it can be shown only that she made complaint of the wrong, without more. The particulars may not be stated. Nor can it be shown upon whom she charged the perpetration of the wrong. 1 Greenl. Ev. (15th ed.), sec. 103, note 6 (d) ; 3 Greenl. Ev. (15th ed.), sec. 213, and note. Greenleaf is supported by all the English and by many American authorities. In some states, however, the declarations of the female in respect to the

violence done are held admissible. *Hornbeck* v. *State*, 35 Ohio St., 277 (35 Am. Rep., 608); *Brown* v. *State*, 72 Miss., 997 (17 South., 278). A conviction in *Baccio* v. *People*, 41 N. Y., 265, was set aside because the particulars of the complaint were stated to the jury.

Notwithstanding Tina Carter distinctly testifies that no penetration was made, yet several instructions for the state were given, placing before them the propriety of convicting the defendant of rape. The giving of those instructions was a clear intimation to the jury that the presiding judge considered the evidence as sufficient to support a conviction for rape, and in this aspect may have had a prejudicial influence upon the jury in the making up of the verdict rendered by them.

*Reversed and remanded.*

