JOHN ANDERSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Rape. Passive resistance. Silent objection.*

It is not rape to have sexual intercourse with a woman over the age of consent whose resistance is passive and objection silent, unless she be overcome by drugs, or other means.

2. SAME. *Evidence. Prosecutrix's declarations.*

Upon the trial of an indictment for rape, the state may show that the prosecutrix made complaint of her injury shortly after the assault upon her, but may not show the particulars stated by her, nor that she charged defendant with the wrong.

3. SAME. *Alibi.*

It is prejudicial error on a trial for rape to permit the declarations of the prosecutrix touching the particulars of, and charging defendant with, the wrong to be given in evidence, although the defense be an alibi.

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

Anderson, appellant, was indicted, tried and convicted of rape, and appealed to the supreme court.

The facts, as stated by the prosecutrix, were in substance as follows: "I was going along about twelve o'clock. I was

afraid.    I knew there was a man behind me, and the faster I walked the faster he walked, and he said, 'Old lady, I want some.'    I said, 'I have not anything for you.'    He took my stick out of my hand, and told me to cock my leg up, and put it in.    He laid me down by the side of a bush, and said, 'Put it in.'    He told me to lie down, and I did not lie down fast enough, and he laid me down himself.    He got on me, put it in, and stayed a long time.    I said, 'Lord have mercy,' and he said, If you don't hush, I will choke you to death.' "

The last clause of the second instruction for the state, mentioned in the opinion of the court, is as follows: "When a female submits to sexual intercourse through fear of personal violence, and to avoid the infliction of great personal injury upon herself, such carnal knowledge is rape."    The opinion of the court contains a further statement of the facts.

*Barnett & Perrin,* for appellant.

It is well settled that appellate courts, and especially this court, in cases of alleged rape, do not hesitate to closely investigate the evidence, and unless fully satisfied of the truthfulness of the charge, will set aside the verdict.

We are not lacking for authority in making this statement, and call the court's attention to the following cases: *Monroe* v. *State,* 71 Miss., 196; *Green* v. *State,* 67 Miss., 356; *Hollis* v. *State,* 9 So. Rep., 67; *Harvey* v. *State,* 26 So. Rep., 931; *Tymes* v. *State,* 29 So. Rep., 91.

Taking as true everything to which the prosecutrix testified and admittting, for the sake of argument, that the defendant was present and had carnal knowledge of her, the evidence fails to show a case of rape.

Instruction No. 1 attempts to define rape, but winds up with the limitation as follows: "This is true whether you believe from the evidence that she made any active resistance to his assault upon her or not."    We can conceive of cases, namely,

where the defendant was drugged or where she was unconscious, or where she was imposed upon by fraud, where such a limitation, if the evidence warranted it, might be proper, but surely in the case at bar, where no such evidence was offered, the limitation was unwarranted, as a tacit consent without any act of resistance could not amount to rape.

The defendant was prejudiced by the conduct of the court in refusing to sustain the objections raised to the testimony of the witness, Sallie Dixon, in allowing her to state to the jury what her mother had said to her after the commission of the alleged offense. It is true the court finally sustained the objection, and attempted to qualify the nature of the hearsay evidence that was admissible, but the mischief had already been done, and the district attorney had based a number of questions upon the fact that the prosecutrix had told the witness that the defendant, using his name, had ravished her. 23 Am. & Eng. Enc. Law (2d ed.), 874.

*J. N. Flowers,* assistant attorney general, for appellee.

From the facts testified to by the witnesses, the jury could infer that there were violence, resistance, intimidation, force — all the elements of a crime.

The two instructions given for the state are not erroneous.

TRULY, J., delivered the opinion of the court.

Appellant was convicted of rape, and appeals. The first instruction for the state tells the jury that if they believe that the defendant forcibly and against the will of the prosecutrix carnally knew her, then he was guilty as charged, and the jury should so find; and "this is true whether you believe from the evidence that she made any active resistance to his assault upon her or not." This is tantamount to telling the jury that mere passive resistance, silent objection, on the part of the assaulted female, is sufficient to justify a jury in convicting of rape.

Under the facts developed, this was fatal error. It is true that, where the resistance of the female is overcome by drugs or similar means, this instruction might be correct; but no such case is developed here.

The second instruction for the state, while correct as an abstract proposition of law, was not applicable to the instant case. And the last clause of that instruction was dangerously misleading, in that the jury were authorized to conclude that it was intended by the court to convey the idea that the testimony warranted the belief that the assault in question had been submitted to by prosecutrix "through fear of personal violence, and to avoid the infliction of great personal injury," whereas the testimony of the prosecutrix does not sustain this view.

The defense placed before the jury was an alibi. Under these circumstances it was prejudicial to appellant's case to permit the witness, Sallie Dixon, to testify, over repeated objections of defendant, that the prosecutrix (her mother), immediately after the happening of the occurrence, told witness that it was John Anderson (the defendant) who had raped her. It is true that the court did not expressly rule on the objections of the defendant to this testimony, but nevertheless the witness was permitted to repeat the statement four different times, and the district attorney was permitted to base one or more questions upon it before the court sustained the objection and ruled out the statement. The judge should promptly have intervened in a case of this character, so easy to charge, so difficult to defend, and sustained the objection of counsel for defendant, and prevented statements so prejudicial, and so contrary to the rules of evidence, getting before the jury. But, even after the judge had sustained the objection to the witness' statement that the prosecutrix had told her who had committed the assault upon her, he afterwards permitted the witness to state when and where it was that the presecutrix claimed that the assault had occurred. This, too, was error. The opinion of the court

in *Brown* v. *State,* 72 Miss., 997, 17 South., 278, is misunderstood, when it is referred to as an authority for the introduction of this testimony. That opinion, on the contrary, expressly limits the statement of the prosecutrix, after the perpetration of the offense, to the bare statement that she claimed that an assault had been committed, though, as part of the *res gestae,* the witness is permitted to relate the physical condition, and any marks of violence upon the person or clothes of the prosecutrix. Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she had been ravished. The details of the transaction, the name of the party accused, the place where it is said to have occurred, the time of the alleged offense, cannot be proven by a repetition of the words of the prosecutrix. The exception in cases of rape is made upon the idea that outraged virtue will proclaim her wrong, and therefore silence might be considered as raising a suspicion of consent. This exact point was decided in the case of *Ashford* v. *State,* 81 Miss., 414, 33 South, 174.

*For the errors indicated, the case is reversed and remanded.*