## JIM FROST v. STATE.

[57 South. 221.]

RAPE. *Evidence. Admissibility.*

> On a trial of accused for rape it is reversible error to allow witnesses for the state to testify to what the prosecutrix told them about all the details of the alleged offense, and all about the locality where the offense was alleged to have been committed—the condition of the ground, footprints in the sand, depressions in the earth and cane and grass trampled down.

APPEAL from the cirucit court of Wayne county.
HON. JOHN L. BUCKLEY, Judge.

Jim Frost was convicted of rape and appeals.
The facts are fully stated in the opinion of the court.

*E. W. Stewart,* for appellant.

Nothing is better settled by this court than the proposition that in a case of this kind the state may show prosecutrix complained soon after the assault was committed upon her, but it must not be permitted to give the particulars of her complaint or that she charged the defendant with the wrong.

This is a wise and beneficent rule, but it is absolutely nullified by the action of the trial court.

The court and lawyers on both sides were kept busy telling these negro witnesses, all of whom were exceedingly swift, not to mention defendant's name in relating what they claimed was told them by the prosecutrix. But what if the good of all this when a raft of witnesses are permitted to testify as to the condition of the ground shown them and to testify "I seen the prints of the pints of his shoes (meaning defendant's) in the sand."

Every juror understood that these witnesses were testifying that they had seen the place where defendant

committed the assault. This was giving particulars with a vengeance. It would hardly be possible to find a method so surely calculated to bring about the conviction of defendant as allowing this testimony.

It was just as much a violation of the rule mentioned above as though the witnesses had been permitted to relate all that was told them by the prosecutrix and for this reason I beg to refer to the following authorities: *Ashford* v. *State,* 81 Miss. 414; *Anderson* v. *State,* 82 Miss. 785; *Dickey* v. *State,* 86 Miss. 525, and *Jeffries* v. *State,* 89 Miss. 643. Also, Rice on Crim. Evidence, sec. 521; Bishop on Crim. Proc. (3rd Ed.), sec. 963; 23 Am. & Eng. Ency. Law 874; 1st Greenl. Ev. (15th Ed.), sec. 103 note 6 (d). 3 Greenl. Ev. (15th Ed.), sec. 213, nad note; 12 Cyc. 429, 3. This court has held that "when incompetent evidence of great import is deliberately introduced and it cannot be said with confidence that no other conclusion than that of guilt could have been reached on the legal evidence "even," that the jury was subsequently instructed to disregard the incompetent testimony, would not cure the error," *Chism's case,* 70 Miss. 742. In the instant case "Incompetent evidence of great import" was not only admitted, but most "deliberately" so. So far from being ruled out and the jury instructed not to consider it, the contrary was, in effect, done, as the court overruling the constant objections of defendant's counsel must necessarily have impressed the idea upon the minds of the jury that this evidence was most important, and it certainly was, most damaging. This evidence should not have been permitted to go to the jury for another reason, viz.:

It charges the defendant with declarations made by the prosecutrix of which he had neither knowledge nor opportunity of denying. This renders it such palpable error that I do not think it necessary to refer to authorities.

*Carl Fox,* assistant attorney-general, for appellee.

By far the most serious assignment is that the court erred in permitting witnesses to testify about the condition of the ground where the prosecutrix claimed the attempt to rape had been made. None of them knew that this was the place except that they had been told so by the prosecutrix; they testified that the ground was torn up, and that it showed the prints of shoes. Neither was it shown that the ground was in the same condition when the witnesses saw it that it was when the prosecutrix said the defendant desisted from the attempt to rape her and ran away, unless it can be inferred from the fact that the prosecutrix testified that she pointed out to the witnesses the exact spot under the tree. I am frank to say that it seems to me that the admission of this testimony was equivalent to the admission of the testimony of witnesses that the prosecutrix had detailed the circumstances of the crime to them after it had been committed. In the case of *Ashford* v. *State,* syllabus, 81 Miss. 414, it is said:

"Upon the trial of an indictment for rape, the state may show that the prosecutrix made complaint of her injury shortly after the assault upon her, but may not show the particulars stated by her, nor that she charged defendant with the wrong." It is too well settled to require citation of cases.

Whether or not this is prejudicial error, I respectfully submit to the court.

WHITFIELD, C.

The testimony in this case is vague and inconclusive to the last degree. The prosecutrix contradicts herself on one of the most vital points. In this extremely close case on the facts, the court permitted some half dozen witnesses to testify to what prosecutrix told them about all the details of the alleged offense, and all about the locality where the offense was alleged to have been com-

mitted—the condition of the ground and other things. What these witnesses testified to was nothing that they had any personal knowledge of; but the prosecutrix took them down to the place where she said the alleged offense occurred, and pointed out to them various objects, footprints in the sand, depression in the earth, cane trampled down, and grass, and told them, moreover, the details of the alleged offense. This was manifest and fatal error.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*