## CLARK *v.* STATE.

[87 South. 286, No. 21339.]

1. RAPE. *Details of assault told to third party by prosecutrix erroneous.*

   In a trial for attempt to rape, it is error to permit testimony of the details of the assault told to a third party by prosecutrix.

2. RAPE. *Details told by prosecutrix to third person during unofficial investigation inadmissible.*

   It was error to admit testimony of third person as to details of assault told to him by prosecutrix, in connection with, and the result of, an unofficial investigation of guilt of accused by the witness.

APPEAL from circuit court of Tallahatchie county.
HON. W. E. STONE, Judge.

Flem Clark was convicted of assault with intent to rape, and he appeals. Reversed and remanded.

*A. H. Stevens,* for appellant.

The next assignment of error is that the court erred in receiving, over objection of appellant, the testimony of W. R. Cross and Georgia Miller, for the state, as to the acts and statements of the prosecutrix in identifying the appellant and relating the alleged commission of the crime. That these witnesses could not testify that the prosecutrix detailed to them the occurrence or the identity of the person charged with the crime is so well established in this state that it is with great hesitation that we enter upon a discussion of this question.

We are quoting from *Anderson* v. *State,* 35 So. 202-203, in an opinion by Judge TRULY: "Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she had been ravished. The details of the transaction, the name of the party accused, the place where it is said to have occurred, the time of the alleged offense, cannot be proven by a repetition of the words of the prosecutrix." *Frost* v. *State,* 100 Miss. 798.

We might, at great length, set out in this brief the various pronouncments of this court upon this particular subject. We are content, however, to rest this case upon the very recent decision of this court in the case of *Garner* v. *The State,* 83 So. ——; *Brown* v. *State,* 78 Miss. 637, 29 So. 519, 84 Am. St. Rep. 614. It appears from this record that due objection was made at every point to all of this testimony, but these objections were in vain.

We submit on the whole record the evidence improperly received in this case by the court, even if taken with its inherent infirmities, is far from satisfactory, but if this were not true the conflict in all of the testimony, the failure of the state to produce the brother of the prosecutrix, who was the only living witness who could corroborate the prosecutrix, or to account for him, renders it impera-

tive that the errors of law should work a reversal of this case. The authorities follow: *Tynes* v. *State,* 29 So. 91; *Austin* v. *State,* 48 So. 817; *Frost* v. *State,* 100 Miss. 798; *Rewles* v. *State,* 105 Miss. 406.

With this statement of what we conceive to believe the law, we submit that this case should be reversed and remanded.

*W. M. Hemingway,* assistant attorney-general, for the state.

The testimony in this case is admissible under the rule in *McArthur* v. *State,* 105 Miss. 398, 62 So. 417. The only defense presented is an *alibi.* This was contradicted and . the jury disregarded the *alibi.*

HOLDEN, J., delivered the opinion of the court.

The appellant, Flem Clark, was tried and convicted for an assault with intent to rape Susie Miller, a female child under the age of twelve years, and sentenced to a term of fifteen years in the penitentiary.

We shall refrain from stating the unsavory details of the offense as shown by the record; the testimony of the female assaulted was ample for conviction, when considered together with the corroborating proof in the case. However, the record shows that at the trial of the case the witness Georgia Miller, mother of the prosecutrix, Susie Miller, was permitted, over the objection of the appellant, to testify to all the details of what Susie told her as to who, how and where the assault occurred. This was error.

The outcry or complaint of the female following the offense of rape, or attempt, is competent proof even though it is hearsay evidence, but the exception to the rule admitting this character of hearsay evidence does not go to the extent of permitting the witness to testify to the facts and circumstances in detail as told to her by the female assaulted. *Frost* v. *State,* 100 Miss. 796, 57 So. 221.

There is another fatal error in the trial of this case, and that is the state was permitted, over the objection of the appellant, to show by the witness Cross what the prosecutrix had detailed to him about the assault, and also allowed this witness to testify in detail about a proceeding or private trial of accused which he held and presided over on his plantation. At this unofficial investigation this witness Cross seems to have held a court of inquiry, having about a dozen negro men stand up in line, amongst the number was the appellant, and had this ignorant ten year old negro girl to scrutinize the crowd, and she picked out the appellant, and detailed the story of the offense there again. All of this unofficial proceeding was testified to in detail at the trial below by the witness Cross. This error resulted in serious injury to the appellant at his trial.

For the two errors mentioned the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*