REDDING *v.* STATE.

Division A. June 11, 1951.

No. 37885 (53 So. (2d) 7)

White & White and Bïdwell Adam, for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Kyle, J.**

The appellant, Arthur E. Redding, was convicted of rape in the circuit court of Harrison County, and from the judgment of the court sentencing him to life imprisonment in the state penitentiary he appeals to this Court.

The prosecutrix was 23 years of age and had been married twice, and had two children. She was divorced from her first husband and was separated from her second husband. The crime was alleged to have been committed on March 16, 1950. According to the testimony of both the prosecutrix and the defendant the parties had taken an automobile drive together on that date after 10:00 o'clock p. m. A few minutes after 12:00 o'clock the prosecutrix entered the Greyhound Bus Station in the City of Gulfport and requested one of the young ladies employed at the bus station to call the police station for her. Two policemen arrived at the bus station within a few minutes and the prosecutrix accompanied them back to the police station. The police officers testified that the prosecutrix told them that she had been raped. One of the officers testified that she was in a highly nervous condition when he first saw her, that she was crying and looked like she was suffering from a shock, that her

clothes were torn and that there were particles of sand on her neck and shoulders, and that she appeared to be in a depressed state of mind; that she told him after they arrived at the police station that she had been raped. The other officer testified that when he first saw her at the bus station she was in a nervous condition and was crying, and appeared to be very much excited.

The State's case rests mainly upon the testimony of the prosecuting witness, but her testimony is supported by the testimony of the two officers who testified as to the complaint made to them by the prosecutrix and as to her physical condition at the time she made the complaint, and the testimony of the doctor who examined her on the following day and who testified that he found certain bruises on her body at that time.

The appellant testified in his own behalf, and his defense was that there had been no rape for the reason that the prosecutrix had voluntarily consented to have sexual intercourse with him and that no threats or force had been used by him at the time he had sexual intercourse with her.

The appellant's attorneys, in their assignment of errors and in their briefs, contend that the court erred in overruling the motion made by the defendant at the conclusion of the State's testimony for a directed verdict on the ground that the evidence showed that no threats or force had been used and that no sufficient proof had been offered to show that the prosecutrix had offered any resistance. The appellant's attorneys also assign as error the refusal of the court to grant the defendant's request for a peremptory instruction to find the defendant not guilty. We think that there was sufficient evidence to justify the action of the court in overruling the defendant's motion for a directed verdict and in refusing to grant the peremptory instruction requested by the defendant.

The appellant also complains of errors alleged to have been committed by the court in granting certain instruc-

tions to the State and in refusing to grant Instruction No. 10 requested by the defendant. But, inasmuch as this case must be reversed on other grounds, we do not deem it necessary to discuss the objections made to the instructions granted to the State; and the court committed no error in refusing to grant Instruction No. 10 requested by the defendant.

Appellant's main argument for reversal of the judgment of the lower court and the granting of a new trial is based upon the admission of the testimony of the two police officers showing the details of the statement made by the prosecutrix to them as to the manner in which the crime had been committed.

The record shows that the prosecutrix left the appellant's automobile in front of the Greyhound Bus Station in the City of Gulfport a few minutes after 12 o'clock and went into the bus station and requested a young lady employed in the bus station to call the police. The appellant came into the bus station a few minutes later and drank a cup of coffee. After the police officers arrived the prosecutrix, who had been in the rest room while the telephone call was being placed, accompanied them back to the police station, where she immediately made complaint to one of the officers that she had been raped.

The record shows, as a part of the testimony of Officer Leon Button, the following questions and answers:

"Q. At the time when she made this report to you what did she say, if anything, with reference to her trying to get out of the car? Defendant objects, because counsel going into details. Objection Sustained.

"Q. State to the court and the jury what she said to you if she made any effort or not to get out of the car, or what happened after that time? A. She reported to me that she told the party she was going to jump out of the automobile if he did not take her back to town.

"Defendant objects—By the Court: Just tell the gist of the report she made to you. A. She told me she had been raped.

"By Counsel for the State: Q. Did she tell you what happened immediately before she was raped? Defendant Objects—Objection Overruled. A. She jumped out of the automobile and was in a subconscious condition. Defendant objects, because going into details. Objection Overruled.

"Q. Did she tell you where she was and what her condition was at the time when she was raped? A. Yes sir.

"Q. What did she say her condition was at the time when she was raped? Defendant objects, because hearsay. Objection sustained.

"Q. Did she tell you where she was at the time she became conscious? A. Yes sir.

"Q. Where was she? A. In the automobile.

"Q. What did she tell you that she was doing at that time? Defendant objects—Objection Sustained."

The record also shows that while the other police officer, Harvey Sheffield, was testifying as a witness, for the State, he was permitted to state to the jury that while the prosecutrix did not know the name of the defendant she described him to the two police officers and told them where he was sitting in the bus station at the time the officers arrived at the bus station; and, over the objection of the defendant's attorneys, the witness was permitted to state further that the prosecutrix told the two police officers that she first saw the defendant that night at the Service Cafe on 28th Avenue and 18th Street, that she had missed her bus uptown, and that Billy Gartman had told her that Arthur Redding was going to town and she could ride with him; that she started to town with the defendant, and that the defendant "made her go with him" after they got to town.

The record shows that the defendant's attorney interposed many objections to the testimony of the two police officers while they were being interrogated by the district attorney concerning the particulars of the alleged crime related to them by the prosecutrix. Some of these objec-

tions were sustained by the court, but the witnesses were nevertheless permitted to repeat many of the particulars related to them by the prosecutrix at the time she made her complaint.

It has been repeatedly held by this Court that upon the trial of an indictment for rape the State may show that the prosecutrix made complaint of her injury shortly after the assault upon her, but may not show the particulars stated by her, nor that she charged the defendant with the wrong. Ashford v. State, 81 Miss. 414, 33 So. 174; Anderson v. State, 82 Miss. 784, 35 So. 202; Frost v. State, 100 Miss. 796, 57 So. 221; Clark v. State, 124 Miss. 841, 87 So. 286; Lewis v. State, 183 Miss. 192, 184 So. 53.

In the case of Ashford v. State, supra, the Court said "A complaint of a crime upon one made by the injured person is admitted as original evidence only in the case of rape. The reason of the exception in cases of rape is well stated by Earl, J., in People v. O'Sullivan, 104 N. Y. [481,] 486, 10 N. E. [880,] 882, 58 Am. Rep. 530, as follows: 'It is a general rule that the evidence of a witness can never be corroborated or confirmed by proof that the witness stated the same facts testified to in court on some occasion when not under oath. Such statements, like hearsay evidence, are excluded as unsatisfactory and incompetent. But there is an exception in the case of rape. The outrage in such a case upon a virtuous female is so great that there is a natural presumption that the first suitable opportunity she will make disclosure of it, and she would be so far discredited if she did not make the disclosure; and for the purpose of confirming her evidence where she is a witness such disclosure may be received.' But it can be shown only that she made complaint of the wrong, without more. The particulars may not be stated. Nor can it be shown upon whom she charged the perpetration of the wrong. 1 Greenl. Ev. (15th Ed.), Sec. 103, note 6(d); 3 Greenl. Ev. (15th Ed.), Sec. 213, and note. Greenleaf is supported by all the

English and by many American authorities. In some states, however, the declarations of the female in respect to the violence done are held admissible. Hornbeck v. State, 35 Ohio St. 277, 35 Am. Rep. 608; Brown v. State, 72 Miss. 997, 17 So. 278. A conviction in Baccio v. People, 41 N. Y. 265, was set aside because the particulars of the complaint were stated to the jury." [81 Miss. 414, 33 So. 174.]

In the case of Anderson v. State, supra, the Court had under consideration the objection made by the defendant to the admission of testimony showing the details of the complaint made by the prosecutrix immediately after the alleged assault, and in that case the Court said: "The defense placed before the jury was an alibi. Under these circumstances it was prejudicial to appellant's case to permit the witness Sallie Dixon to testify, over repeated objections of defendant, that the prosecutrix (her mother), immediately after the happening of the occurrence, told witness that it was John Anderson (the defendant) who had raped her. It is true that the court did not expressly rule on the objections of the defendant to this testimony, but nevertheless the witness was permitted to repeat the statement four different times, and the district attorney was permitted to base one or more questions upon it before the court sustained the objection and ruled out the statement. The judge should promptly have intervened in a case of this character, so easy to charge, so difficult to defend, and sustained the objection of counsel for defendant, and prevented statements so prejudicial, and so contrary to the rules of evidence, getting before the jury. But, even after the judge had sustained the objection to the witness' statement that the prosecutrix had told her who had committed the assault upon her, he afterwards permitted the witness to state when and where it was that the prosecutrix claimed that the assault had occurred. This, too, was error. The opinion of the court in Brown v. State, 72 Miss. 997, 17 So. 278, is misunderstood, when that is re-

ferred to as an authority for the introduction of this testimony. That opinion, on the contrary, expressly limits the statement of the prosecutrix, after the perpetration of the offense, to the bare statement that she claimed that an assault had been committed, though, a part of the res gestae, the witness is permitted to relate the physical condition, and any marks of violence upon the person or clothes of the prosecutrix. Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she had been ravished. The details of the transaction, the name of the party accused, the place where it is said to have occurred, the time of the alleged offense cannot be proven by a repetition of the words of the prosecutrix. The exception in cases of rape is made upon the idea that outraged virtue will proclaim her wrong, and therefore silence might be considered as raising a suspicion of consent. This exact point was decided in the case of Ashford v. State, 81 Miss. 414, 33 So. 174.'' [82 Miss. 784, 35 So. 203.]

In the case of Lewis v. State, supra, the Court held that in a rape prosecution the complaint made by the female after she claimed to have been raped is admissible to corroborate her evidence that she had not consented and to sustain her against the charge of recent fabrication of her story; but the Court also held in that case that the statement of the complaining witness to third persons of the details of the alleged rape is inadmissible.

In the case that we now have before us the appellant's defense was that the prosecutrix consented to the sexual intercourse, and that no force or threat was used by him to gain her consent. ██ It was necessary that the State prove that the defendant had sexual intercourse with the prosecutrix by the use of force, that the acts of intercourse took place against her will, and that the prosecutrix made an active resistance to his assault upon

her. Anderson v. State, supra. The State could not bolster the testimony of the prosecutrix on these points by having the two police officers repeat from the witness stand statements made by the prosecutrix to them to the effect that the defendant forced her to go with him; that she told the defendant that "she was going to jump out of the automobile if he did not take her back to town,"; that immediately before she was raped she jumped out of the automobile and was in a subconscious condition, and that when she became conscious again she was in the automobile. This testimony of the two officers as to what the prosecutrix told them was hearsay, and not admissible. As stated in the Anderson case, no statements made by the prosecutrix to third persons are admissible except her complaint that she had been ravished. "The details of the transactions, the name of the party accused, the place where it is said to have occurred, the time of the alleged offense cannot be proven by a repetition of the words of the prosecutrix."

The court erred in permitting the police officers to testify as to the details of what the prosecutrix told them in the police station, and for the errors committed in admitting that testimony the judgment of the lower court is reversed and the cause is remanded for a new trial.

Reversed and remanded.