FAIRLEY *v.* STATE

No. 39839 November 14, 1955 83 So. 2d 278

*D. A. McLeod,* Mt. Olive, for appellant.

*Wm. E. Cresswell, Asst. Atty. Gen.,* Jackson, for appellee.

ARRINGTON, J.

The appellant, Alex Fairley, was convicted of the crime of rape and sentenced to life imprisonment in the State penitentiary, from which judgment he appeals.

The appellant was convicted under Section 2358 of the Mississippi Code of 1942, for forcibly ravishing his own daughter, Emma Lee Fairley, who was fourteen years of age at the time of the alleged rape. The prosecutrix testified that on the morning of October 1, 1954, when the rest of the family was in the field except her and her ten year old niece, Catherine Fairley, her father, the appellant, told her to come to the barn; that she refused to do so and went into the house; that appellant then got a stick and told her to go to the barn, which she did; that he told her to lie down; that he whipped her with the stick and then had sexual intercourse with her. She testified the reason she agreed was because she was afraid he would beat her to death. After the act was accomplished, she went into the house, changed clothes, and was sitting on the bed when her mother came in about thirty minutes later. She told her mother what had happened, and her mother called Dr. Smith, who came and treated her.

Dr. Smith testified as to her injuries received as a result of the whipping; and later on the same day, he and his associate examined the prosecutrix and found that she had recently had sexual intercourse. Dr. Smith testified further that while at the home, the mother of the prosecutrix, appellant's wife, reported to him what had actually happened and that upon his return to Collins he "reported the legal authorities what was told to me by her mother."

Mr. Mart Rogers, deputy sheriff, testified that Dr. Smith reported to him about Emma Lee Fairley, and that he went to the appellant's home to investigate; that he saw her mother in the yard; that he went in the home to see the prosecutrix; that she was in bed, and he asked her

about her trouble; that she told him she had been raped by the appellant, Alex Fairley.

The prosecutrix testified that she was not married, and was the mother of a six months old child; that the appellant was the father of her child; that she had intercourse with her father first in January, 1952, when she was twelve years of age, and periodically since that time; that she did not agree to any of the acts but was forced to do so through fear; that she reported each act to her mother.

The appellant testified in his own behalf and denied ever having sexual intercourse with his daughter. He admitted, however, whipping her for refusing to tell him who the negro man was that he saw leaving out of the lot on the day of the alleged rape.

Catherine Fairley testified for the defense and corroborated the appellant as to the conversation with the prosecutrix and as to the whipping, and that Emma Lee had previously gone to the lot.

 █ The appellant first assigns as error and argues that the court erred in admitting over objection the testimony of Dr. Smith as to what the mother had told him. We are of the opinion that this assignment is well taken. Under Section 1689 of the Mississippi Code of 1942, a wife is an incompetent witness against her husband. If she could not testify over the objection of her husband as to the report of the rape made to her by the prosecutrix, then it was error to permit the doctor to do so, as this would be proving indirectly what could not be proved directly. In the case of Pearson v. State, 97 Miss. 841, 53 So. 689, the Court said:

"In the course of the trial, over the strenuous objection of the appellant, the court permitted the prosecutrix and her sister, Nannie Pearson, to testify to certain conversations and charges, including the charge of this offense, made against the appellant by his wife. This was a most flagrant error, as distinctly held in Garner v. State, 76

Miss. 515, 25 So. 363. The wife could not have been introduced herself to testify that she had charged defendant with the crime; and a fortiori these witnesses could not testify that their mother had accused him. This was fatal error.''

This ruling was followed in the case of Davis v. State, 157 Miss. 669, 128 So. 885, and in the recent case of Smith v. State, 193 Miss. 474, 10 So. 2d 352.

██ ██ It was prejudicial error to permit the deputy sheriff Rogers to testify over the objection of the appellant that the prosecutrix told him that Alex Fairley raped her. This Court, in the case of Redding v. State, 211 Miss. 855, 53 So. 2d 7, said: ''It has been repeatedly held by this Court that upon the trial of an indictment for rape the State may show that the prosecutrix made complaint of her injury shortly after the assault upon her, but may not show the particulars stated by her, nor that she charged the defendant with the wrong. Ashford v. State, 81 Miss. 414, 33 So. 174; Anderson v. State, 82 Miss. 784, 35 So. 202; Frost v. State, 100 Miss. 796, 57 So. 221; Clark v. State, 124 Miss. 841, 87 So. 286; Lewis v. State, 183 Miss. 192, 184 So. 53.''

██ ██ It is also assigned as error that the court erred in permitting the district attorney to question the appellant as to whether his wife would be a witness for him. This examination was improper and should not have been allowed. As this was a close case on the facts and the prosecutrix having testified that she reported the rape to her mother, the wife of appellant, it was error and harmful to the rights of appellant. See Outlaw v. State, 208 Miss. 13, 43 So. 2d 661.

For the errors indicated above, the cause is reversed and remanded for another trial.

Reversed and remanded.

*Lee, Kyle, Ethridge* and *Gillespie,* JJ., Concur.