LAUDERDALE *v.* STATE

No. 39952 March 5, 1956 85 So. 2d 822

J. W. *Kellum,* Sumner, for appellant.

J. R. *Griffith,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted of the rape of his eleven year old daughter and appeals from a sentence to the penitentiary for life. The mother of the child had been away from home for more than a week. The State's proof is that the child and her father and nine year old brother were all sleeping in the same bed, the prosecutrix being between her father and brother. The incident occurred at about midnight, and it is unnecessary for us to go into detail as to what occurred.

As soon as the child got to school on the following morning she reported it to her teacher, a Mrs. Leggett, who called in her husband, who was Superintendent of the school, and the incident was also reported to him. The principal assignment of error, and the only one which it is necessary for us to discuss, arises from the action of the trial court in overruling an objection to certain testimony of Mrs. Leggett and Mr. Leggett, which we quote:

"Q. Mrs. Leggett, did she make a complaint to you?
A. Yes, she did.
Q. What was her complaint?

A. She complained that she had been raped.

Q. When did she say she had been raped?

A. The night before.

Q. And where?

A. At home.

Mr. Crisler (The District Attorney): Now, that's all we can ask her.

Mr. Kellum: The defendant objects to that part of the answer of this witness, in stating where the offense occurred—in the words of this witness — 'at home'.

Court: I overrule the objection.

Mr. Kellum: And moves the court that it be stricken from the record and the jury instructed to disregard it.

Court: I overrule the objection.''

In the testimony of Mr. Leggett the following appears:

''Q. What did she complain of?

A. Of being raped.

Q. When did she say she had been raped?

A. The night before.

Q. Where?

A. At her home.

Mr. Kellum: We object to that.

Court: Objection overruled.''.

It will thus be noted that both of these witnesses were permitted to testify without objection that the prosecutrix told them the rape occurred on the previous night, and over objection they were both permitted to testify that she said it occurred at home.

██ █ It is of course well settled by our decisions that in a rape prosecution the State may prove that the prosecutrix made complaint as soon after the offense as a reasonable opportunity presented itself. This is an exception to the established rule against the reception of hearsay evidence and is based upon the adage that outraged virtue will cry out.

 Appellant contends that it was error to permit these witnesses to testify as to what the prosecutrix told them about the time and place of the rape. He did not object to their repeating what she said as to the time, but he did reserve the point as to what she said as to the place, and he relies upon several cases where we have held that witnesses may testify that the prosecutrix complained of being raped, but may not testify as to the reported details or anything else regarding the crime. Also appellant particularly relies upon what was said by this Court in Anderson v. State, 82 Miss. 784, 787, 35 So. 202, where a witness was permitted to testify that the prosecutrix told her that she had been raped and to testify further as to the name of her assailant and details of the crime. The Court said in that case: "But, even after the judge had sustained the objection to the witness' statement that the prosecutrix had told her who committed the assault upon her, he afterwards permitted the witness to state when and where it was that the prosecutrix claimed that the assault had occurred. This, too, was error."

Unless we are to modify the quoted statement from the Anderson case, we must reverse and remand this cause for another trial. But after a careful consideration of the matter we are of the opinion that what we have quoted should be eliminated from the Anderson opinion, as the weight of authority seems to be to the contrary.

 In IV Wigmore on Evidence, Third Edition, Section 1136, in discussing the reception of hearsay evidence in rape cases, it is said: "That she complained of a rape, or an attempt at rape, is all that the principle admits; the further terms of her utterance (*except so far as to identify the time and place with that of the one charged*) are not only immaterial for the purposes, but practically turn the statement into a hearsay assertion, and as such it is inadmissible * * *." (Emphasis supplied).

██ █ We can readily conceive of cases where it would be decidedly to the disadvantage of a defendant to have it shown merely that a complaint of rape had been made without identifying the offense as the one upon which he is being tried. We believe that Wigmore states the better rule and it is hereby adopted as the rule in Mississippi, and the opinion in the Anderson case is modified accordingly.

There is no merit worthy of discussion in the other points raised.

Affirmed.

*McGehee, C.J.,* and *Kyle, Holmes, Ethridge* and *Gillespie, JJ.,* concur.

LEE, J., dissenting

The charge in this case was a serious one. If the defendant is guilty he assuredly deserves the penalty which was imposed. But, under our jurisprudence, only admissible evidence can be introduced to establish guilt.

In the case of Ashford v. State, 81 Miss. 414, 33 So. 174, in 1902, in a rape case, this Court said: "A complaint of a crime upon one made by the injured person is admitted as original evidence only in the case of rape. * * * But it can be shown only that she made complaint of the wrong, without more. The particulars may not be stated. Nor can it be shown upon whom she charged the perpetration of the wrong."

In Anderson v. State, 82 Miss. 784, 35 So. 202, in 1903, a similar case, this Court, citing the Ashford case, supra, said: "Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she had been ravished. *The details of the transaction, the name of the party accused, the place where it is said to have occurred, the time of the alleged*

*offense, cannot be proven by a repetition of the words of the prosecutrix.* The exception in cases of rape is made upon the idea that outraged virtue will proclaim her wrong, and therefore silence might be considered as raising a suspicion of consent.'' (Emphasis supplied).

In Redding v. State, 211 Miss. 851, 53 So. 2d 7, in 1951, also a rape case, the opinion cited both the Ashford and the Anderson cases, supra, with approval, and repeated the exact language of the Anderson case as underscored above. See also Frost v. State, 100 Miss. 796, 57 So. 221; Clark v. State, 124 Miss. 841, 87 So. 286; Lewis v. State, 183 Miss. 192, 184 So. 53.

Fairley v. State, (Miss.) 83 So. 2d 278, in 1955, was reversed and remanded because the witness was permitted to testify that the prosecutrix told him that Fairley, her father, raped her. The opinion was documented by the citation of all of the above cases.

When Mr. and Mrs. Leggett were permitted to testify, as set out in the majority opinion, namely, that the prosecutrix complained that she had been raped the night before at home, I think this was just as effective to brand the defendant as the assailant as if she had said ''Papa raped me''. In my opinion, the evidence of these two witnesses was inadmissible. It was certainly very prejudicial, and this error, in my opinion, necessitates a reversal of the case.

*Roberds* and *Arrington, JJ.,* join in this dissent.