208 So.2d 886 (1968)
Jerry CARR
v.
STATE of Mississippi.
No. 44727.
Supreme Court of Mississippi.
April 8, 1968.
*887 Melvin, Melvin & Melvin, Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice.
Jerry Carr was indicted, tried and convicted of the crime of rape at the January 1967 Term of the Circuit Court of Covington County, Mississippi, and he was sentenced to life imprisonment. He had been unable to obtain bond and had been in jail for 92 days before the trial. The appellant is a young married man 29 years of age. He went to the third grade in school. He weighed 145 pounds at the time of the alleged crime. The prosecutrix was at the time of the alleged crime 16 years of age. She was a high school junior and weighed 120 pounds.
We have examined the record in this case carefully and are convinced that this case should be retried, and for that reason we do not set forth the testimony except where it is necessary for the purpose of this opinion.
The appellant made a motion requesting the court to exclude the sheriff and his deputy from the courtroom during the trial, so as to prevent these witnesses from hearing the testimony of the prosecutrix. We have had to deal with this issue in prior cases, and we decided that it is largely a matter within the sound discretion of the trial judge. Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965). This is also the federal rule. See Laird v. United States, 252 F.2d 121 (4th Cir.1958). This rule would certainly be applicable in a case where a defendant is charged with rape and is at all times under the protection of the court. We understand, however, how the defendant may be at a disadvantage when the most important witnesses are permitted to hear the testimony of each other, and this is particularly true where the officers use expressions of the prosecutrix. For example, an officer in speaking of scratch marks on the face of the defendant, said they were "fingernail scratches."
The sheriff of Covington County and his deputies testified that the prosecutrix came to the sheriff's office and made complaint that she had been raped. The officers went to the scene of the alleged crime and testified that the prosecutrix pointed out two places where the grass and broom sage had been disturbed and mashed to the ground. The officers designated these spots as the first place and the second place. One said that the second place was the "scene where the alleged crime took place." One officer testified that the first scene was "where the grass and all had been mashed down and looked like where some scuffling, and a fresh bush had been broken * * *."
The defendant's attorney objected to this testimony upon the ground that this evidence was "hearsay evidence."
*888 The rule on this subject in Mississippi and in most of the United States is that the testimony of the prosecutrix, or other witness, is admissible to corroborate her testimony to show that shortly after the commission of the alleged offense she made a complaint, and when, where and to whom it was made. This evidence is not admitted as proof that the crime was committed, but merely to rebut the inference of consent that might be drawn from her silence.
By the great weight of authority, evidence of the prosecutrix's complaint must be confined to the bare fact that a complaint was made and the details or particulars of the complaint are not admissible as substantive testimony to bolster the testimony of the prosecutrix as to the guilt of the accused. Clark v. State, 124 Miss. 841, 87 So. 286 (1921); Frost v. State, 100 Miss. 796, 57 So. 221 (1912); Frost v. State, 94 Miss. 104, 47 So. 898 (1909); Jeffries v. State, 89 Miss. 643, 42 So. 801 (1907); Dickey v. State, 86 Miss. 525, 38 So. 776 (1905); Anderson v. State, 82 Miss. 784, 35 So. 202 (1903); Ashford v. State, 81 Miss. 414, 33 So. 174 (1903); 75 C.J.S. Rape § 53 (1952).
The rule has been modified in this state so as to permit the prosecutrix to "identify the time and place with that of the one charged." Lauderdale v. State, 227 Miss. 113, 85 So.2d 822 (1956). This modification in the rule does not permit the officers to add opinion testimony to bolster the testimony of the prosecutrix.
In the instant case the sheriff identified pictures of the alleged scene taken by him and he then explained a broken bush he had cut and presented in evidence. The prosecutrix said the officers took pictures, but she did not identify the pictures as being the scene of the alleged crime. If these pictures truly represented the scene where she said she was attacked, the best evidence of that fact was the testimony of the prosecutrix, who would know the "first place" and the "second place" better than anyone else. See Frost v. State, 100 Miss. 796, 57 So. 221 (1912).
During the argument before the jury, the district attorney said that the defendant's story was "fantastic" and that defendant was of a "beastly nature." The defendant objected, and now complains that the trial court permitted grave error in overruling his objections to this argument. The defendant has cited several cases in which this court has condemned prejudicial vilification of a defendant by the district attorney. This is particularly true where the defendant has not testified.
A trial judge has considerable latitude in controlling the argument of the attorneys, and we do not deem it necessary to pursue this point in depth here. See Moss v. State, 208 Miss. 531, 45 So.2d 125 (1950). This case must be retried and the argument will not likely be repeated. We point out, however, that such vitriolization is not calculated to guarantee a fair trial. Moreover, its use in the instant case adds to the overall picture which has led this Court to doubt that the defendant received the due process required by the Mississippi Constitution.
The appellant complains that the trial court erred in restricting the number of character witnesses defendant would be permitted to use. We do not believe this ruling of the court in the instant case was error, because this Court has pointed out in Fugler v. State, 192 Miss. 775, 7 So.2d 873 (1942), that where the appellant offered to introduce twenty witnesses who would testify that his character for peace and violence was good, and the state's district attorney announced that he did not intend to challenge the appellant's character, the action of the lower court in limiting the testimony on this point to six witnesses was not erroneous. In the instant case the district attorney did not challenge the character of the defendant, *889 and we are of the opinion that limiting the defendant to eleven character witnesses was not erroneous. 53 Am.Jur., Trial §§ 107-09 (1945). We do not intend by this opinion to pass upon the right of the defendant to introduce additional witnesses on surrebuttal if the state challenges the character of the defendant.
The appellant complains that the court refused several instructions requested by the defendant which should have been granted. We have examined these instructions and find that all are repetitious except one. This instruction is in the following language:
"The Court instructs the jury for the defendant, that under the law, the term `reasonable doubt' as used in the courts, in the instructions to juries, as the law, in the trial of cases, is a sacred and substantial right of a defendant charged with a criminal offense, given and guaranteed unto him by the law of the land, and that such reasonable doubt may arise from the testimony or from the lace of testimony and that, under the law, it is the sworn duty of the jury and each member thereof, that if there is a reasonable doubt in the minds of this jury, as to the guilt of the defendant, as charged in the indictment, to return a verdict of not guilty." (Emphasis added)
The court made the following notation on this instruction: "REFUSED WORD `LACE' IS ERROR IN THIS INSTRUCTION AND IF IT WERE NOT IT WOULD BE GIVEN."
The jury in this case returned a verdict of guilty, and disagreed as to the punishment, and said: "We ask for mercy."
The defendant in this case is not charged with statutory rape, that is to say, having illicit relations with a child under the age of consent, but is charged with forcible rape, and the testimony in this case is close. See Moss v. State, supra; 75 C.J.S. Rape § 12 at 476 (1952). We feel that this instruction should have been corrected and granted, or at least called to the attention of the defendant before it was refused.
It is pointed out in 75 C.J.S. Rape § 66 (1952):
"The courts have repeatedly approved Sir Matthew Hale's statements with respect to the crime of rape, that `it must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent;' and that we should `be the more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting the judge and jury with so much indignation that they are over hastily carried to the conviction of the person accused thereof by the confident testimony sometimes of malicious and false witnesses.' In order to be sufficient to sustain a conviction, the evidence must show beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction."
It is true that a conviction of rape may rest upon uncorroborated testimony of the person alleged to have been raped, but such testimony should be scrutinized with caution; and where there is much in the facts in evidence to discredit her testimony, another jury should be permitted to pass upon these facts. Richardson v. State, 196 Miss. 560, 17 So.2d 799 (1944): Monroe v. State, 71 Miss. 196, 13 So. 884 (1893); Upton v. State, 192 Miss. 339, 6 So.2d 129 (1942); Rogers v. State, 204 Miss. 891, 36 So.2d 155 (1948); Johnson v. State, 213 Miss. 808, 58 So.2d 6 (1952); Rawls v. State, 105 Miss. 406, 62 So. 420 (1913). The prosecuting witness wept so often and to such an extent that the trial judge adjourned court on one occasion so *890 that she could regain her composure. The public was obviously not excluded from the courtroom during the hearing, and during the testimony of the defendant the audience demonstrated so that it was necessary for the trial judge to remonstrate with the audience.
A reading of the entire record in this case has convinced us that this case should be tried again, and for that reason the case is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.