# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-KA-00722-SCT

*GARY DONNELL PARKER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/16/2005 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JONATHAN MICHAEL FARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JACOB RAY |
| DISTRICT ATTORNEY: | JON MARK WEATHERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/02/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., CARLSON AND GRAVES, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.   Gary Donnell Parker was indicted for burglary of a dwelling as a habitual offender under Miss. Code Ann. §§ 97-17-23 (Rev. 2006) and 99-19-81 (Rev. 2000).  A jury trial was held, resulting in a guilty verdict.  Aggrieved, Parker appealed to this Court claiming the verdict was against the sufficiency of the evidence.  Finding that there is material evidence to support the guilty verdict, we affirm his conviction.

## **Facts**

¶2.     In the early morning hours on November 25, 2004, Catina Evans called 9-1-1 to report that someone had broken into her home. She testified that she had been sleeping and was awakened by noises. When she went to investigate, she bumped into the defendant in her hallway, and he immediately fled the house. Evans testified that she was acquainted with Parker, and could see his face illuminated by the bathroom light.

¶3.     Evans told the responding officers that the intruder lived approximately a hundred yards away. The officers proceeded to Parker's house and were met at the door by his mother. Ms. Parker told the police that her son was in his bedroom. They followed Ms. Parker to her son's bedroom, but the defendant was not there.

¶4.     The officers returned to Evans's house and discovered a broken window with glass and a rock on the floor below the window. They could not lift any fingerprints from the glass or the rock. Outside the window was a footprint. Evans informed the officers that her purse and approximately $85 were missing.

¶5.     On December 6, 2004, a detective showed Evans a photo lineup. After she picked Parker out of the lineup, a warrant was issued for his arrest. Upon interrogation, the defendant made a written statement admitting that he was in her house that night. However, Parker stated that he and Evans had gone to a motel earlier that evening to have consensual sex and that she had invited him back to her house. At trial, Evans's boyfriend testified that she had been with him that night until around 11:00 p.m.

¶6.     At the end of the State's presentation of the evidence, the defense moved for a directed verdict claiming the evidence was legally insufficient. The trial judge denied the motion and the defense rested without presenting any evidence.

2

¶7. The defendant raises one issue on appeal: whether the trial judge erred in denying his motion for a directed verdict and his post-trial motion for judgment notwithstanding the verdict based on the sufficiency of the evidence.

¶8. When reviewing a case for sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The evidence must show "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Id.* (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). If, keeping in mind the reasonable doubt standard, "reasonable and fair-minded men in the exercise of impartial judgement might reach different conclusions on every element of the offense," the evidence will be deemed to have been sufficient. *Id.* (quoting *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985)).

¶9. Miss. Code Ann. § 97-17-23 (Rev. 2006) sets forth the elements of the crime of burglary of a dwelling:

> Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.

Accordingly, the elements of the crime of burglary of a dwelling are "(1) the unlawful breaking and entering; and (2) the intent to commit some crime when entry is attained." *Edwards v. State*, 800 So. 2d 454, 463-64 (Miss. 2001) (citing *Harrison v. State*, 722 So. 2d 681, 685 (Miss. 1998); *Washington v. State*, 753 So. 2d 475, 478 (Miss. Ct. App. 1999)).

¶10.   Here, the evidence demonstrated that Evans's window was broken with a rock, then unlocked and slid open.   Though the defendant argues there is no forensic or physical evidence tying him to the broken window, reasonable jurors could have concluded that Parker broke the window to gain entry to the house.   The fact that Parker entered the dwelling is undisputed.   In Parker's written statement, presented to the jury at trial, he admitted to being inside Evans's home.   Finally, the State provided evidence that Parker intended to commit a crime based upon Evans's testimony that her purse, along with $85, was missing from her home after the defendant fled.

¶11.   Parker argues that Evans's testimony and identification, the main evidence against him, is insufficient to support his conviction because she is not a credible witness.   During cross-examination of both Evans and her boyfriend, the defense solicited testimony that Evans had a drug problem and had entered a drug rehabilitation program at the time of the trial.  Evans admitted to using Ecstasy and Lortab, a prescription pain-killer.  Her boyfriend testified that she had also used crack-cocaine.  He also testified that he had given her money to buy their child a Christmas present, but that she had used the money to buy drugs.

¶12.   "This Court has in numerous cases, too many to mention, said that when the evidence is conflicting, the jury will be the sole judge of the credibility of witnesses and the weight and worth of their testimony." *Scott v. State*, 796 So. 2d 959, 968 (Miss. 2001).  In this case,

4

the jury was presented with evidence of Evans's drug abuse, but still found her to be a credible witness. The trial court properly allowed the defense to impeach Evans on cross-examination, and the defendant does not argue that there was other evidence that was not admitted that could have impeached her testimony.

¶13.   For the foregoing reasons, the State presented sufficient evidence every element of the crime of burglary of a dwelling. Accordingly, the verdict must be affirmed.

¶14.   **CONVICTION OF RESIDENTIAL BURGLARY AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OR POSSIBILITY OF PAROLE OR EARLY RELEASE, AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**