ISHEE, J.,
dissenting:
¶ 24. With respect to the majority, I must dissent. Cotton claims the presence of his DNA under Burks’s fingernails proves nothing more than a casual encounter between them. The sample of DNA under Burks’s nails was relatively small; therefore, Cotton asserts that if she had scratched him during a struggle, a larger sample of his DNA would have been found under her nails. Furthermore, Cotton argues the scrapings contained the DNA of more than one person, thereby casting reasonable doubt as to the identity of the perpetrator.
¶ 25. The majority finds that the evidence, which is purely circumstantial, is sufficient to sustain Cotton’s conviction. I disagree. When considering the sufficiency of evidence on appeal, the pivotal question is “whether the evidence shows ‘beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to suppoi’t a conviction.’ ” Bush v. State, 895 So.2d 886, 843 (¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). The evidence will be deemed sufficient “if a review of the evidence reveals that it is of such quality and weight that, ‘having in mind the beyond[-]a[-]reasonable[-]doubt[-]burden[-]of[-]proof standard, reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense[.]’ ” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)). However, when the evidence in a case is purely circumstantial, the jury’s verdict must be scrutinized more closely. Madden v. State, 42 So.3d 566, 569 (¶ 9) (Miss.Ct.App.2010).
¶ 26. There was no direct evidence to prove that Cotton killed Burks. Although Cotton’s DNA was found under Burks’s fingernails, this only establishes that Burks and Cotton were in contact prior to her death. Even though Cotton does not recall Burks touching or scratching him, it is plausible, and reasonable, that Cotton could have been Burks’s last customer, that his DNA could have gotten under her fingernails when she served him food on the night of her death, and that she failed to thoroughly wash her hands, or shower, following her shift. Further, to say that the mere presence of Cotton’s DNA on Burks’s body proves that Cotton killed Burks creates a slippery slope by lowering the evidentiary requirements to prove deliberate-design murder.
¶ 27. The majority also finds that the contact between Burks and Cotton prior to *169 her death is enough to establish an opportunity and a motive for Cotton to murder Burks. The majority opines that since Cotton had known where Burks lived and had previously been to her home, he had opportunity. Further, the majority asserts that Burks’s missing jewelry from her body and jewelry box is sufficient to establish a motive for Cotton since he had possibly noticed her wearing the jewelry the night before at Nickson’s Café. These conclusions are speculative, at best. This circumstantial evidence merely establishes that Cotton and Burks had contact with one another prior to Burks’s death and that Cotton knew where Burks lived. It is not direct evidence of motive or opportunity; and it does not prove that Cotton killed Burks.
¶28. With regard to the presence of two individuals’ DNA under Burks’s nails, the DNA analyst found that “the DNA profile was a mixture of more than one person including an unknown male[,] and Fannie Burks could not be excluded as a contributor to the sample.” While the second sample could have been Burks’s own DNA, it was not conclusive in the results. Moreover, the biological evidence could not be re-analyzed because it had been consumed entirely in the initial analysis. Even if it had been determined conclusively that the second sample was Burks’s own DNA, the mere presence of Cotton’s DNA on her body only establishes contact prior to death and, alone, does not prove murder.
¶ 29. To reiterate, “when the prosecution’s case is entirely circumstantial, it must prove the defendant’s guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence.” Staten v. State, 989 So.2d 938, 943 (¶ 9) (Miss.Ct.App.2008) (quoting Billiot v. State, 454 So.2d 445, 461 (Miss.1984)). There is simply no evidence that proves Cotton’s guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. Accordingly, I would reverse and render Cotton’s conviction and sentence.
IRVING AND GRIFFIS, P.JJ., JOIN THIS OPINION.