MODIFIED OPINION ON MOTION FOR REHEARING
BARNES, J.,
for the Court.
¶ 1. The appellant’s motion for rehearing is granted. The original opinion issued in this case is withdrawn, and the following opinion is substituted therefore.
¶ 2. Ventura Donnell Moore, Sr. appeals his conviction in the Circuit Court of Forrest County of the crime of robbery. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 3. On the morning of July 26, 2002, Louis Taylor, aged sixty-six years old, was walking from the post office to his Hatties-burg, Mississippi, home when he stopped by a store which was located two blocks from his house. As Taylor was leaving the store, he was approached by Moore and Victoria Conley. Moore asked Taylor if wanted to purchase sex from Conley, but Taylor declined the offer, gave Moore some change, and went on his way. As Taylor began to walk home, Moore and Conley followed him. When Taylor arrived home, Conley asked him if he had any cold water that she could drink. Taylor invited Moore and Conley inside, and gave Conley a cold soft drink. Moore asked Taylor again if he wanted to have sex with Conley, and again Taylor declined. After Taylor gave Conley five dollars with which to buy something to eat, Conley and Moore headed toward the door. However, on his way out, Moore asked Taylor for some water. When Taylor turned around, Moore grabbed Taylor around the neck *253 and pulled a wallet from Taylor’s pocket. Moore took forty-five dollars from Taylor’s wallet, threw the wallet on the couch, and ran out of the house. Moore was soon apprehended, and on February 10, 2003, Moore was charged with the crime of robbery.
¶ 4. Moore was convicted by a jury of his peers in the Circuit Court of Forrest County and was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections, without the benefit of parole. On November 12, 2003, Moore filed a motion for judgment notwithstanding the verdict, or, in the alternative, a new trial; the motion was denied by the trial court. On January 8, 2004, Moore filed his notice of appeal. Rule 4(a) of the Mississippi Rules of Appellate Procedure states that a notice of appeal must be filed within thirty days of the judgment or order appealed from; our previous opinion in this case dismissed Moore’s appeal as time-barred. However, after considering the unique circumstances of this case, on rehearing, we opt to exercise our right — granted by Rule 2(c) of the Mississippi Rules of Appellate Procedure — to suspend Rule 4 so that we may address the merits of Moore’s out-of-time appeal.
ISSUE AND ANALYSIS
WHETHER THE VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE
¶ 5. In considering whether the evidence is legally sufficient to sustain a conviction in the face of a motion for judgment notwithstanding the verdict, “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.’ ” Bush v. State, 895 So.2d 836, 843(1116) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). The key question in this analysis is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. If the evidence against the defendant is such that “reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,” we will deem the evidence sufficient. Id.
¶ 6. In the present case, Moore contends that the State failed to meet its burden of proof in proving the essential elements of the crime of robbery. Section 97-3-73 of the Mississippi Code Annotated (Rev.2000) defines the crime of robbery as follows:
Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.
It is apparent from this definition that, in order to convict a criminal defendant, the State must prove beyond a reasonable doubt (1) felonious intent on the part of the defendant; (2) that the defendant used force or putting in fear as a means of effectuating the theft; and (3) that the defendant took and carried away the property of another from the victim’s person or in the victim’s presence. See Randolph v. State, 852 So.2d 547, 555(¶ 18) (Miss.2002). We have little difficulty concluding that the State proved these elements beyond a reasonable doubt.
¶ 7. As an initial matter, the jurors could reasonably infer Moore’s felonious intent by looking to the circumstances surround *254 ing the crime. See Broomfield v. State, 878 So.2d 207, 213(¶16) (Miss.Ct.App.2004). As to the second and third elements of the crime, Taylor’s own testimony under direct examination established that Moore used force to take and carry away Taylor’s property:
Q: Okay, hold on. Did you just testify that you turned around to get [Moore] some water?
A: Yeah.
Q: Did he ask for water?
A: Yeah.
Q: What happened? Would you stand up, please. [The jury] can’t hear you. Just sit right there. I’m going to be you and you be him, okay? Show me what he did.
A: (Witness indicates.) And he got in my pocket.
Q: Got in your pocket? What was in your pocket?
A: (Witness indicates).
[THE STATE]: Your Honor, let the record reflect that the witness has placed his left arm around my neck and reached in my hip pocket.
THE COURT: Let the record so reflect.
Furthermore, on cross-examination, Taylor testified as follows:
Q: Now did you have — after this, did you have any bruises or scrapes or any kind of marks?
A: No. No, I didn’t have no scrapes at all.
Q: Did you tell anybody before or is it true that the man took you all the way down to the ground or knocked you down?
A: I was on the floor. We were in the house and he knocked me on the floor.
Q: You did go down to the floor?
A: Yeah.
¶ 8. Conley’s testimony corroborated Taylor’s version of events. She testified that before she left Taylor’s house, she saw Moore push Taylor to the ground. Furthermore, she testified that she saw Moore run away from the house with money in his hand. While Moore asks this Court to disregard Conley’s testimony because he alleges that she is a prostitute, crack addict, and paranoid schizophrenic, we will not do so. It is the province of the jury, not of this Court, to determine the credibility of trial witnesses. See Robert v. State, 821 So.2d 812, 817(¶20) (Miss.2002).
¶ 9. Viewing the evidence in the light most favorable to the State, it is clear that any rational trier of fact could have found, beyond a reasonable doubt, that Moore used force to take and carry away Taylor’s personal property, and did so with felonious intent. This issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF SIMPLE ROBBERY, AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.