ROBERTS, J.,
for the Court:
¶ 1. In the Water Valley Municipal Court, Debbie Mills was convicted of simple assault domestic violence for causing physical bodily injury to Timothy Tidwell, her then boyfriend, by biting him and striking him with a closed fist. Mills appealed to the Yalobusha County Circuit Court, which also found her guilty. She then filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for a new trial. The circuit court denied both motions. Mills now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 17, 2009, two Water Valley police officers responded to a radio dispatch regarding a physical disturbance between a man and woman at Mills’s home. Upon exiting his patrol car, Officer Christopher Blair heard screaming coming from inside the home. Officer Blair and Officer Steven Story entered the home where they saw Mills being restrained by her grandson in an apparent effort to keep her away from Tidwell. The grandson was holding Mills’s arms behind her back. Officer Blair testified that Mills was kicking and squirming against her grandson’s restraint to get to Tidwell. He also testified that she was cursing and screaming at the officers to get out of her house and that she wanted to kill Tidwell. Tidwell was also screaming and telling the officers to get Mills out of the house. Officer Blair noticed blood coming from Mills’s mouth and that one of her teeth was broken in half. The officers arrested Mills and placed her in the back of the patrol car. They then called an ambulance, questioned Tidwell about the events, and took pictures of his injuries. Tidwell declined any medical assistance, and no proof was presented that either party received medical treatment. The circuit court sustained hearsay objections made by Mills’s counsel to any statements Tidwell made as regarding who might have bitten or hit him.
¶ 3. In addition to the pictures of Tid-well’s injuries entered into evidence, Officer Blair further testified as to Tidwell’s injuries. Although he stated that he did not see who had inflicted the injuries to either party, Officer Blair noted that upon his arrival to the home, he observed that Tidwell’s shirt was torn; and there were large apparent bite marks on Tidwell’s chest and back; a small cut on the cheek, back, and bridge of his nose; and bruises on his back. Officer Blair further testified that Mills had bloodshot eyes and smelled of alcoholic beverage.
¶ 4. On July 9, 2009, the Water Valley Municipal Court convicted Mills of simple assault domestic violence for causing physical bodily injury to Tidwell by biting him and striking him with a closed fist. Following her conviction, Mills filed a petition for an ex parte domestic-violence protective order against Tidwell on July 10, 2009. In her petition, she stated that she and Tidwell had a domestic relationship. She also stated that she sought the protective order because she was “placed, by physical *195 menace or threat, in fear of imminent serious bodily injury” by Tidwell. Mills then appealed her conviction to the circuit court for a de novo trial.
¶ 5. The circuit court conducted a bench trial on October IB, 2009. The sworn affidavit signed by Officer Blair charged Mills with the following: “On the 17th day of May, 2009, did unlawfully, and willfully, did purposely and unlawfully commit an act of domestic violence in that she caused bodily injury to Timothy Tidwell by striking him with closed fist and biting him on several locations of Mr. Tidwell[’s] body.” At trial, the City’s case rested on the testimonies of three witnesses. Officers Blair and Story testified about the events of the night in question. Vivian Snider, city clerk for Water Valley, testified about the ex parte protective order that Mills received protecting her against Tidwell. Tidwell, although subpoenaed to appear and personally served with a witness subpoena the day before trial, failed to appear at the trial and did not testify. Mills rested her case without presenting any evidence and moved the circuit court for a directed verdict on the ground that the City had failed to meet its burden of proof. The circuit judge denied her motion for a directed verdict and found her guilty of simple assault domestic violence. He ordered her to pay a $300 fine plus court costs and attend and complete an anger management program.
¶ 6. Mills filed a motion for a JNOV or, in the alternative, a motion for a new trial. The circuit judge denied both motions. Feeling aggrieved by the denial of her motions, Mills appeals raising the issue that the circuit court erred in denying her motion for a JNOV or motion for a new trial.
ANALYSIS
¶ 7. Mills of was convicted of simple assault domestic violence in violation of Mississippi Code Annotated section 97-8-7 (Supp.2010). Mississippi Code Annotated section 97-3-7(1) provides the elements that must be proven for a conviction of simple assault. The City in this case was required to prove that Mills had committed simple assault by “purposely, or knowingly or recklessly causing bodily injury to [Tidwell] ...” by striking him with closed fist and biting him. A conviction of simple assault domestic violence requires proof of simple assault against “a person who has a current or former dating relationship with the defendant....” Miss.Code Ann. § 97-3-7(3).
¶ 8. By filing motions for a JNOV or a new trial, Mills is challenging both the legal sufficiency and the weight of the evidence.
I. Motion for a JNOV
¶ 9. Mills first argues that the circuit court erred in denying her motion for a JNOV because the evidence presented at trial was not legally sufficient to support a conviction of simple assault domestic violence. The critical inquiry when considering whether there is sufficient evidence to sustain Mills’s conviction is “whether the evidence shows ‘beyond a reasonable doubt that [Mills] committed the act charged, and that [she] did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). When reviewing challenges to the legal sufficiency of the evidence, the evidence and the inferences taken from the evidence must be viewed in the light most favorable to the prosecution. Id. This Court does not have to “[believe] that the evidence at trial established guilt beyond a *196 reasonable doubt”; instead, we must determine if “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 10. “When the [prosecution]’s case rests on circumstantial evidence, the evidence must be sufficient to prove guilt beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis consistent with innocence.” Goff v. State, 14 So.3d 625, 647 (¶ 75) (Miss.2009) (citing Billiot v. State, 454 So.2d 445, 461 (Miss.1984)). The City acknowledges this is a totally circumstantial-evidence case since there is no eyewitness testimony to the gravamen of the offense, i.e., the striking of Tidwell with closed fist or biting him on several locations of his body. In its brief, the City asserts that: “While [Mills] was convicted using circumstantial evidence, the evidence points toward a conclusion beyond a reasonable doubt that Debbie Mills is guilty of domestic simple assault. There was no alternative hypothesis as to how the injuries were received by the victim, Timothy Tidwell.” We disagree. The City’s case was based solely on the testimony of the two officers who responded to the scene after an apparent physical altercation had occurred between Tidwell and Mills. Neither witness saw Mills strike anybody with a closed fist nor bite anyone. Later, the city clerk issued Mills a protective order against Tidwell after the incident. Tidwell did not testify as to how he had received his injuries; in fact, he was not present at the trial even after being subpoenaed. Objections to what Tidwell told the officers at the scene were sustained. Mills did not confess to committing the assault, nor was there any eyewitness testimony as to the incident or how any of the injuries had occurred.
¶ 11. Further, we find that there are other reasonable hypotheses consistent with Mills’s innocence as to how the incident that night occurred. For example, a reasonable hypothesis consistent with innocence is that prior to the police officers’s arrival at the home, Tidwell had first attacked Mills. Tidwell and Mills struggled, but when Tidwell refused to release Mills from his grasp, Mills bit and scratched Tidwell to secure her release. After she secured her release, Tidwell then hit her in the mouth, causing her mouth to bleed and her tooth to break. It was at that moment the officers walked in finding Mills angry and combative. We conclude the City failed to carry its burden; thus, we must reverse and render.
II. Motion for a New Trial
¶ 12. Mills also challenged the weight of the evidence when she filed a motion for a new trial. The Mississippi Supreme Court has held that “[w]hen reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18). The evidence should be viewed in the light most favorable to the verdict. Id. The resolution of Mills’s prior issue renders this issue moot.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN *197 OPINION JOINED BY MYERS AND BARNES, JJ. RUSSELL, J„ NOT PARTICIPATING.