ROBERTS, J.,
for the Court:
¶ 1. Roy L. Stewart was convicted on one count of burglary by a jury in the Washington County Circuit Court. He was sentenced to serve six years in the custody of the Mississippi Department of Corrections (MDOC), with four years to serve and two years of post-release supervision (PRS). Stewart now appeals his conviction and sentence.
FACTS AND PROCEDURAL HISTORY
¶ 2. During the early morning hours on September 1, 2010, a Leland police officer discovered that Buster’s Liquor Store in Leland, Mississippi, had been broken into at some point that morning. He observed that the hasp was broken off the door and that the plexiglass around the door was also broken. It was later determined that the only items missing from Buster’s were bottles of alcohol.
¶ 3. Several months later, the Greenville Police Department contacted the Leland Police Department and informed them that they had detained Lakesha Warfield on unrelated charges, but she had stated that she had information about the Buster’s burglary. Leland police officers interviewed Warfield about the incident. Warfield, Stewart’s on-again-off-again girlfriend and the mother of three of his children, told police that she and Stewart had rented a room at the neighboring Leland Motel on the night of the burglary. She told the police that they saw two unidentified men breaking into the store, but they did not see anything else. Before she left, he took the bedspread off of the bed and went out the motel door. After Stewart removed the bedspread, Warfield stated, she did not go outside the room until he had come back to the room. They never discussed what he did during the time he was outside of the room and she never actually saw Stewart go into Buster’s; however, she did hear some clinking sounds like bottles hitting each other while Stewart was outside of the room *1160 with the bedspread. Further, she stated that the following day she observed approximately fifteen bottles of unopened alcohol in the trunk of- Stewart’s car, which he then sold on the street. She also testified that when she left to go home, she left Stewart in the room alone. Warfield described Stewart’s vehicle as a light blue 1998 Mercury Marquis.
¶ 4. Police arrested Stewart for the burglary of Buster’s, and a grand jury indicted him for the crime on July 12, 2011. Stewart’s jury trial began on April 17, 2012, and ended the following day on April 18, 2012. At trial, Warfield testified to the above facts. However, she admitted that she and Stewart had a volatile relationship, and at the time she gave information to the police, she was angry at him for cheating on her. Stewart’s attorney asked Warfield the following question: ‘You were mad at him, and this is why you exaggerated your story about what happened that night. Correct?” Warfield responded, “Yes, sir.”
¶ 5. Additionally, the State produced the testimony of Leland Police. Officer Scott Tarpley, who initially discovered the burglary while on patrol. He .also testified that no prints were obtained from the scene. The State also provided the testimony of Kenny Thomas, the owner of the Leland Motel, who explained the video-surveillance system the motel utilizes. He explained that while none of the video cameras directly show Buster’s, the cameras do show the parking lot adjacent to Buster’s. The State showed the jury the video-surveillance footage from that night. In the footage, a man exits a motel room and walks toward Buster’s. He then goes out of frame for a few minutes until he is again seen pushing a wheelbarrow toward the trunk of his car parked in the motel parking lot. He unloads the contents of the wheelbarrow into the trunk. The man then gets a bedspread from a motel room and again walks toward Buster’s. He appears on camera carrying a load of something in the bedspread. He again puts the contents into the trunk of his car. Leland Police Department Investigator Karen Taylor also testified for the State. Investigator Taylor was the officer that interviewed Warfield. Investigator Taylor also determined that the vehicle in the surveillance video matched Stewart’s vehicle. Lastly, Russell King, part owner of Buster’s, testified as to the items missing from the store. He also stated that Buster’s usually kept a wheelbarrow outside of the store, and that it was also missing until Thomas informed him it was in the motel parking lot.
¶ 6. A jury convicted Stewart for the burglary of Buster’s. He was sentenced to serve six years in the custody of the MDOC, with four years to serve and two years of PRS. Stewart timely filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial; the circuit court denied this motion on May 31, 2012. Stewart executed the current appeal and raised the following issue: “Did the [circuit] court err in failing to sustain [Stewart’s] motion for directed verdict, peremptory instruction and/or the motion for [JNOV] because the evidence presented during the [State’s] case-in-chief was legally insufficient!?]”
ANALYSIS
¶ 7. Stewart’s challenge to the denial of his motions for a JNOV and a directed verdict is a challenge to the sufficiency of the evidence. Our standard of review to challenges to the sufficiency of the evidence has been outlined in the Mississippi Supreme Court case of Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). In Bush, the supreme court stated: “[T]he critical inquiry is whether' the evidence, *1161 ■viewed in a light most favorable to the State, shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test[,] it is insufficient to support a conviction.’ ” Id. (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Additionally, “if a review of the evidence reveals that it is of such quality and weight that, ‘having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense,’ the evidence will be deemed to have been sufficient.” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 8. Stewart argues that the State failed to put on any evidence identifying him as the person who committed the crime. He submits that “[t]he State provided no evidence, direct or circumstantial, to decisively identify [Stewart] as the exact person who burglarized the liquor store” and that the reliance on a “scorned” girlfriend’s testimony was not sufficient. We disagree. At trial, Warfield testified that she was again dating Stewart; however, she did not recant any portion of her story, including her claim that she saw Stewart leave their motel room with a bedspread and that she later saw unopened bottles of alcohol in the trunk of his car, a Mercury Marquis. Additionally, Investigator Taylor testified that she was able to determine that Stewart’s vehicle was the same as the vehicle in the surveillance video. It is well settled that it is for the jury to weigh the credibility of witnesses. Carpenter v. State, 102 So.3d 290, 294 (¶ 10) (Miss.Ct.App.2012) (citing Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003)). Based upon the evidence presented, we find that a reasonable juror could have found that the State satisfied its burden of identifying Stewart as the man who burglarized Buster’s. ..
¶ 9. Stewart also argues that the State failed to satisfy the elements of “breaking” and “entering” in proving the necessary elements of burglary beyond a reasonable doubt. Therefore, he claims that the evidence was insufficient to support his conviction and subsequent sentence for burglary of a business. Mississippi Code Annotated section 97-17-33(1) (Rev.2006) provides: “Every person who shall be convicted of breaking and entering, in the day or night, any shop [or] store ... in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, ... shall be guilty of burglary[.]” Stewart argues that the State’s case was solely based on circumstantial evidence, and the State did not disprove every possible hypothesis of his innocence, including that other unidentified men originally broke into Buster’s and carried the alcohol outside of the' building and left it there. Based on this scenario, he would not have had to actually enter the building to take the alcohol. While Stewart is correct that in circumstantial-evidence cases, the State does have to disprove every reasonable hypothesis consistent with innocence, this is not a wholly circumstantial case. The jury was presented with video surveillance depicting a man carrying the stolen bottles to the trunk of his vehicle using what appeared to be a bedspread or sheet. Stewart’s own girlfriend described how he took the bedspread off the hotel bed and went outside of the hotel room, and then the following day, she observed many unopened bottles of alcohol in the trunk of his car. Additionally, Investigator Taylor testified that Stewart’s vehicle *1162 matched the vehicle seen in the surveillance video. Based on the evidence, it was reasonable for the jury to conclude that Stewart gained entry to Buster’s through the door and used the wheelbarrow and bedspread to move the bottles from inside the store to the trunk of his car.
¶ 10. With the above standard of review in mind, we find that the circuit court did not err in denying Stewart’s motions for a directed verdict and a JNOV. Therefore, this issue is without merit.
¶11. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS TO SERVE AND TWO YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.